## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN

DAN CERJANEC, RODRIGO
BRAVO, MARK MODLIN, WILLIAM
WINFREY AND GLENN LUKAS on
behalf of themselves and all others
similarly situated,

                Plaintiffs,

vs.

FCA US LLC,

                Defendant.

CASE NO. 17-10619

HON. LAURIE J. MICHELSON

**DECLARATION OF
DOROTHY M. WILLIAMS IN
SUPPORT OF FCA US LLC'S
MOTION TO COMPEL
ARBITRATION, DISMISS
AND/OR STRIKE**

---

**DOROTHY M. WILLIAMS** hereby swears under the penalty of perjury as follows:

1.     I am currently employed by Defendant FCA US LLC f/k/a Chrysler Group LLC ("FCA US") as an EEO Compliance and Governance Manager.  Prior to January 20, 2011, I was an EEO Staff Advisor.  In 2009, Chrysler Group LLC, a newly-formed limited liability company, purchased certain assets of Chrysler LLC (subsequently known as Old Carco LLC).  Chrysler LLC was previously known as DaimlerChrysler Company LLC, which was previously DaimlerChrysler Corporation, which was previously known as Chrysler Corporation, and shall be

1

**Exhibit 1**

referred to herein collectively as "FCA US" or "the Company." In August, I will have been employed by the Company for thirty-three (33) years.

2.      I am over eighteen years of age and competent to testify to the matters stated in this declaration.

3.      As the EEO Compliance and Governance Manager, my responsibilities include, among other things, handling the EDRP dispute process, enforcing corporate discrimination and harassment prevention policies, and investigating employee complaints.

4.      As a function of my responsibilities, summarized above, and based upon my personal knowledge, a review of the Company's business records, and information provided to me by persons upon whom I regularly rely in the ordinary course of my duties, I am fully familiar with the facts set forth herein.

### *FCA US*

5.      FCA US designs, engineers, manufactures and sells vehicles under the brand names Chrysler, Jeep, Dodge, Ram and the SRT performance designation. FCA US' products are available in more than 150 countries around the world.

### *Glenn Lukas*

6.      On January 12, 1999, Plaintiff Glenn Lukas submitted an application for employment with the Company. In the employment application signed by

Glenn Lukas, he expressly agreed to comply with the EDRP. A copy of Glenn Lukas's employment application is attached hereto as **Exhibit 1-A.**

7.     On March 1, 1999, Glenn Lukas began working for the Company. Glenn Lukas has never worked as a bargaining unit employee. Glenn Lukas remains employed by the Company.

### *Dan Cerjanec*

8.     On June 8, 1994, Plaintiff Dan Cerjanec applied for employment with the Company. A copy of Dan Cerjanec's employment application is attached hereto as **Exhibit 1-B**.

9.     On June 27, 1994, Dan Cerjanec began working for the Company. Dan Cerjanec has never worked as a bargaining unit employee. Dan Cerjanec worked for the Company until February 21, 2017.

### *Rodrigo Bravo*

10.     Plaintiff Rodrigo Bravo applied for employment with the Company.

11.     Upon information and belief, prior to his employment with the Company, Rodrigo Bravo submitted an application for employment with the Company similar in substance to the application submitted by Plaintiff Mark Modlin. To date, the Company has not been able to locate Rodrigo Bravo's application for employment. However, he would not have been hired without submitting an application for employment.

3

12.     On or about February 19, 1986, Rodrigo Bravo began working for the Company. Based on information and belief, Rodrigo Bravo has never worked as a bargaining unit employee. Rodrigo Bravo remains employed by the Company.

### Mark Modlin

13.     On June 17, 1988, Plaintiff Mark Modlin applied for employment with the Company. A copy of Mark Modlin's employment application is attached hereto as **Exhibit 1-C**.

14.     On August 15, 1988, Mark Modlin began working for the Company. Mark Modlin has never worked as a bargaining unit employee. Mark Modlin worked for the Company until January 31, 2017.

### William Winfrey

15.     On April 10, 1984, Plaintiff William Winfrey applied for employment with the Company. A copy of William Winfrey's employment application is attached hereto as **Exhibit 1-D**. William Winfrey had previously been employed by the Company prior to his April 10, 1984 application for employment.

16.     Since July 23, 1984, William Winfrey has been an active employee and has worked for the Company. William Winfrey has never worked as a bargaining unit employee. William Winfrey remains employed by the Company.

### *EDRP Program*

17.    The EDRP provides that the "terms of the EDRP in effect at the time of the facts giving rise to the Covered Dispute are the terms that will be binding on [the Company] and the employee."

18.    A copy of the EDRP in effect from 2013 to 2016 is attached hereto as **Exhibit 1-E**.

19.    The EDRP requires eligible employees to individually arbitrate all "Covered Disputes," which the EDRP specifically defines to include disputes relating to "discrimination based upon... age" and "[r]etaliation claims for legally protected activity." *See* **Exhibit 1-E**.

20.    The EDRP also prohibits employees from pursuing Covered Disputes on a class or collective action basis, which is explained as follows:

> ### *EXCLUSIVE REMEDY AND INDIVIDUAL NATURE OF COVERED CLAIMS*
>
> The EDRP provides the exclusive, final and binding method to resolve Covered Disputes.  The scope of this EDRP extends to all Covered Disputes whether based on federal, state or local law.
>
> Covered Disputes under the EDRP must be brought on an individual basis.  Neither [The Company] nor any employee may submit a class, collective, or representative action for resolution under the EDRP.  To the maximum extent permitted by law, and except where expressly prohibited by law, arbitration on an individual basis pursuant to the EDRP is the exclusive remedy for any Covered Dispute that may be brought on a class, collective, or representative action basis.

Accordingly, an employee may not participate as a class or collective action representative or as a member of any class, collective, or representative action, and will not be entitled to recovery from a class, collective, or representative action in any forum.

*See* **Exhibit 1-E**.

I further declare under penalty of perjury, pursuant to 28 U.S.C. § 1746, that the foregoing statements made by me are true and correct.

Dated:  June 16, 2017                        By: _____

**Dorothy M. Williams**

6



# Application for Employment

**Chrysler Corporation or Subsidiaries**
Instructions: Please furnish complete and accurate information. Application will be verified. Incomplete applications will not be considered. In addition to completing this form, you may attach a resume detailing your professional, educational, and social activities.

## PERSONAL INFORMATION

| LAST NAME (Print) | FIRST NAME | INITIAL | DATE AVAILABLE TO BEGIN WORK |
|---|---|---|---|
| LUKAS | GLENN | K | INFORMATION SERVICES CENTER LINE |

OTHER NAME(S) UNDER WHICH ATTENDED SCHOOL OR EMPLOYED

SOCIAL SECURITY NUMBER: Redacted

| PRESENT ADDRESS | NUMBER AND STREET | CITY | STATE | ZIP CODE |
|---|---|---|---|---|
| 372 | BELLEVUE | LAKE ORION | MI | 48362 |

PERMANENT ADDRESS IF DIFFERENT | NUMBER AND STREET | CITY | STATE | ZIP CODE

TELEPHONE NUMBER: 248-693-3420

U.S. CITIZEN: ☐ No ☒ Yes   If no, enter Visa type: Visa No.

Are you a Vietnam Era Veteran? ☐ No ☐ Yes   Vietnam Veterans are those who served, at least 180 days on active duty, in any branch of the U.S. Armed Forces in any location during the period from August 5, 1964, until May 7, 1975.

☐ Check if Under 18 Years of Age

Have you ever worked for Chrysler Corporation or subsidiaries?
☒ No ☐ Yes (indicate)

LAST PLANT OR OFFICE | DATE | SEPARATION DATE | REASON FOR LEAVING

Have you ever been convicted of a felony or misdemeanor except for minor traffic offenses?
☒ No ☐ Yes (indicate)

OFFENSE | DATE | DISPOSITION | CITY | STATE

## EDUCATIONAL, SPECIAL INTERESTS, QUALIFICATIONS

| EDUCATION | TOTAL CREDIT YEARS | SCHOOL NAME | CITY | STATE | COURSE OF STUDY | CERTIFICATE DIPLOMA DEGREE | DID YOU GRAD. |
|---|---|---|---|---|---|---|---|
| Grade - High School (Show last attended) | | CHIPPEWA VALLEY H.S. | CLINTON TWP. | MI. | COLLEGE PREP | H.S. DIPLOMA | ☐ No ☒ Yes |
| Business/Trade School | | | | | | | ☐ No ☐ Yes |
| College(s) 1. | | MICHIGAN STATE UNIV. | | | ENGINEERING | B.S. | ☐ No ☒ Yes |
| 2. | | CENTRAL MICHIGAN UNIV. | | | BUSINESS | M.S. | ☐ No ☒ Yes |
| Post-Graduate Education 3. | | | | | | | ☐ No ☐ Yes |
| 4. | | | | | | | ☐ No ☐ Yes |

LIST OTHER TRAINING, QUALIFICATIONS AND SKILLS SUCH AS DRAFTER, APPRENTICESHIP, LANGUAGES, TYPING, ETC

SPECIAL INTERESTS

SEE RESUME - ATTACHED

| POSITION DESIRED | CAN YOU WORK ANY SHIFT? | EXPECTED RATE/SALARY | WOULD YOU RELOCATE? |
|---|---|---|---|
| SENIOR LEAD ANALYST - | ☐ No ☒ Yes | $90 K | ☒ No ☐ Yes |

CHRYSLER CORPORATION
An Equal Opportunity Employer

84-751-0112 (REV 7/98)

Exhibit 1-A

**ADDITIONAL INSTRUCTIONS:** List employment starting with your most recent employer. Account for all periods, including military service, Chrysler experience, and periods of unemployment. If the space provided does not cover at least 7 years, attach additional sheet or complete resume.

## EMPLOYMENT INFORMATION

| FROM MO./YR. | TO MO./YR. | FIRM NAME | STREET ADDRESS | CITY | STATE | ZIP CODE | BASE EARNINGS | REASON FOR LEAVING |
|---|---|---|---|---|---|---|---|---|
| | | SEE RESUME | RESUME - ATTACHED | | | | $ per | |

SUPERVISOR NAME/TELEPHONE NO ( )    JOB TITLE AND DUTIES

| FROM MO./YR. | TO MO./YR. | FIRM NAME | STREET ADDRESS | CITY | STATE | ZIP CODE | BASE EARNINGS | REASON FOR LEAVING |
|---|---|---|---|---|---|---|---|---|
| | | | | | | | $ per | |

SUPERVISOR NAME/TELEPHONE NO ( )    JOB TITLE AND DUTIES

| FROM MO./YR. | TO MO./YR. | FIRM NAME | STREET ADDRESS | CITY | STATE | ZIP CODE | BASE EARNINGS | REASON FOR LEAVING |
|---|---|---|---|---|---|---|---|---|
| | | | | | | | $ per | |

SUPERVISOR NAME/TELEPHONE NO ( )    JOB TITLE AND DUTIES

| OTHER WORK EXPERIENCE WITHIN PAST SEVEN (7) YEARS | NAME AND ADDRESS OF EMPLOYER | FROM | TO | FROM | TO |
|---|---|---|---|---|---|
| (continued) | 3. | | | | |
| | 4. | | | | |

## READ CAREFULLY BEFORE SIGNING:

1. I have read and do understand that statements contained herein and certify that they are true. I understand that false or incomplete statements on this application or in any resume or supporting documents I have supplied are grounds for dismissal.

2. In connection with my application for employment, I authorize Chrysler Corporation, any of its subsidiaries, agents, or employees ("Chrysler") (a) to procure information from any consumer reporting agency bearing on my credit worthiness, credit standing, credit capacity, character, general reputation, personal characteristics, or mode of living, as well as from all previous employers, personal references and educational institutions and (b) to procure all such information as they may deem relevant. I understand that Chrysler's preemployment investigation may also include a check of my criminal record, if any, and of the circumstances surrounding any conviction. I understand that any information gathered as a result of this investigation will be used solely for purposes of determining my fitness for employment. I consent to the investigation to be conducted and to the release to Chrysler of the information specifically described in any separate consents and authorizations I have signed, which shall become a part hereof. In consideration of Chrysler's review of my application, I agree to release and hold harmless Chrysler, its subsidiaries, agents, and employees, and all previous employers and educational institutions, from any and all claimed liability arising from this investigation.

3. I acknowledge that any offer of employment made to me will be conditioned upon the results of a physical examination by a physician effected by Chrysler, to be conducted after the offer has been made, and upon the results of a drug screening test conducted in accordance with Chrysler policy.

4. In the event that I am employed by Chrysler Corporation or any of its subsidiaries, I agree to comply with and be governed by all its policies and procedures in effect at a given time, and I acknowledge that none of its policies and procedures constitute terms of employment contrary to paragraph 6 below. I agree that I will be governed by and must comply with Chrysler's Employee Dispute Resolution Process, which requires many employment-related claims to be resolved exclusively through arbitration.

5. 

6. I acknowledge that this application is: for employment of an indefinite duration, terminable at will and for any reason, either by me or by Chrysler Corporation or any of its subsidiaries, except as otherwise provided by the terms of a collective bargaining agreement, if any, applicable to me.

7. I understand that the terms of paragraph 6 cannot be altered except by a written agreement executed by an Officer of Chrysler Corporation or the subsidiary which employs me.

8. In consideration of Chrysler's review of my application, I agree that any claim or lawsuit arising out of my employment with, or my application for employment with, Chrysler Corporation or any of its subsidiaries must be filed no more than six (6) months after the date of the employment action that is the subject of the claim or lawsuit. While I understand that the statute of limitations for claims arising out of an employment action may be longer than six (6) months, I agree to be bound by the six (6) month period of limitations set forth herein, and I WAIVE ANY STATUTE OF LIMITATIONS TO THE CONTRARY. Should a court determine in some instance that this provision allows an unreasonably short period of time to commence a lawsuit, the court shall enforce this provision as far as possible and shall declare the lawsuit barred unless it was brought within the minimum reasonable time within which the suit should have been commenced.

9. This application form supersedes any other application forms that I have previously submitted to Chrysler.

Applicant's Signature _____   Date _____

(This application will be considered active for twelve (12) months from the date filed. If you are hired, it becomes part of your personnel/employment record.)

**NOTE:** *A PHOTOCOPY OF THIS STATEMENT SHALL BE AS VALID AS THE ORIGINAL.*

## FOR PERSONNEL USE ONLY

General Comments, Test Information, Etc.

Acceptable for Hire ☐

No Interest ☐  (state reasons)

Interviewer's Signature _____   Date _____

Exhibit 1-A

# Application for Employment

**CHRYSLER CORPORATION**

An Equal Opportunity Employer

Chrysler Corporation or subsidiaries

Instructions: Please furnish complete and accurate information. Applications will be verified. Incomplete applications will not be considered. In addition to completing this form, you may attach a resume detailing your professional, educational, and social activities.

## Personal Information

**Date available to begin work:** June 13/94

| Last Name (print) | First Name | Initial |
|---|---|---|
| CERJANEC | DANIEL | |

Other Name(s) Under Which Attended School or Employed

**Social Security No.** Redacted

**Present address** — No. and Street: 47843 WESTLAKE DR.
City: Shelbytownship  State: Mi.  Zip Code: 48315

**Permanent address if different** — No. and Street / City / State / Zip Code

**Telephone No** (810) 739-3454

**U.S. Citizen** ☒ No ☐ Yes   **Visa No.** Redacted
If no, enter visa type: RESIDENT ALIEN

Check if under 18 years of age ☐

Have you ever worked for Chrysler Corporation or subsidiaries? ☐ No ☒ Yes (Indicate)

**Last Plant or Office:** Pville He Re Assembly
City: Toronto   State: Ontario
**Separation Date:** Sept. 1977
**Disposition:**

Have you ever served in the U.S. Armed Forces? ☐ No ☐ Yes

Are you a Vietnam Era Veteran? ☒ No ☐ Yes
Vietnam Veterans are those who served in any branch of the U.S. Armed Forces in any location during the period from August 5, 1964, until May 7, 1975.

City - State

Have you been convicted by a civilian or military court for violating any law within the past seven (7) years (unless otherwise specified, all convictions are included except minor traffic offenses)? ☒ No ☐ Yes (Indicate)

## Educational, Special Interests, Qualifications

| Education | Total Credit Years | School Name | City | State | Course | Major | Minor | Certificate Diploma Degree | Did You Grad. | Grade Average |
|---|---|---|---|---|---|---|---|---|---|---|
| Grade—High School (Show last attended) | Grad 13 | W.D. Lowe Sec. | Windsor | Ontario | Electronic | | Electric Drafting | Diploma | ☒ No ☐ Yes | 76 |
| Business/Trade School | | | | | | | | | ☐ No ☐ Yes | |
| College(s) | ~~5th yr~~ 7, 3½, 4½ | 1. DeVry Inst. of Technology 2. 3. 4. | Toronto | Ontario | | Electronic Engineer | Stock | Diploma | ☐ No ☒ Yes ☐ No ☐ Yes | 77 |
| Post-Graduate Education | | | | | | | | | ☐ No ☐ Yes | |

Special Interests: Stock market

List other Training, Qualifications and Skills such as drafter, apprenticeship, languages, typing, etc.
Instrumentation — apprenticeship — 3 yrs, A/B PLC 3, 5, GE Fanuc CNC controllers

Ceration — Languange

## Position Desired

| List positions qualified for | | |
|---|---|---|
| 1. Field Engineer | 3. | |
| 2. | 4. | |

Can you work any shift? ☒ Yes ☐ No

**Expected Rate/Salary:** 24/hr.

**Would you relocate** ☐ No ☒ Yes

84-751-0112 (12/92)

Exhibit 1-B

## Employment Information

**Additional Instructions:** List employment starting with your most recent employer. Account for all periods, including military service, Chrysler experience, and periods of unemployment. If the space provided does not cover at least 7 years, attach additional sheet or complete resume.

| From Mo./Yr. | To Mo./Yr. | Firm Name | Street Address | City | State | Zip Code | Base Earnings | Reason for Leaving |
|---|---|---|---|---|---|---|---|---|
| 1/86 | Present | ANATEC | 30300 Telegraph | Birmingham Farm | MI. | | $ 23.90 per hr | |

**Job Title and Duties** Engineering Consultant – to Chrysler Corp. Plant Services & Group
– maintaining network systems, CAD/CAM equipment, CNC equipment
– Design, modify electronic systems or correct design flaws as required by plant engineering dept.

| From Mo./Yr. | To Mo./Yr. | Firm Name | Street Address | City | State | Zip Code | Base Earnings | Reason for Leaving |
|---|---|---|---|---|---|---|---|---|
| 1984 | 1986 | Cadsun Electric | | Edmonton | Alberta | | $ 15 per hr. | Economic problems in the region |

**Job Title and Duties** Instrumentation Tech.
Maintenance, Calibration, and modification of Electrical and Electronics Equipment

| From Mo./Yr. | To Mo./Yr. | Firm Name | Street Address | City | State | Zip Code | Base Earnings | Reason for Leaving |
|---|---|---|---|---|---|---|---|---|
| 1981 | 1983 | Syncrude | Caty Litric | Edmonton | Alberta | | $ 17.50 per hr. | Layoff. |

**Job Title and Duties** Instrumentation Tech.
Maintenance y Calibration, and modification of Electrical and Electronics Equipment

| | Name and Address of Employer | Other work experience within past seven (7) years. (continued) | From/To |
|---|---|---|---|
| 1. | | | |
| 2. | | | |
| 3. | | | |
| 4. | | | |

**READ CAREFULLY BEFORE SIGNING:**

1. I have read and do understand the statements contained herein and certify that they are true.
2. I understand that false or incomplete statements herein or in any resume I have supplied are grounds for dismissal.
3. I hereby authorize that previous employers contacted by Chrysler Corporation or any of its subsidiaries in connection with this application fully respond to all inquiries concerning such previous employment and specifically waive prior written notice of disclosure of my personnel record information, including disciplinary reports, letters of reprimand or other disciplinary action. I also authorize educational institutions to release information relative to claimed degrees and achievements. In consideration of the acceptance of my application, I release Chrysler Corporation or any of its subsidiaries previous employers, and educational institutions of any claimed liability arising out of such response and disclosure.
4. I understand that employment is conditioned upon the results of a physical examination by a physician selected by Chrysler Corporation or any of its subsidiaries conducted after an offer of employment is made or the results of a drug test conducted in accordance with Chrysler Corporation's policy.

5. In the event that I am employed by Chrysler Corporation or any of its subsidiaries, I agree to comply with all its orders, rules, and regulations and acknowledge that said orders, rules, and regulations do not constitute terms of employment contrary to paragraph 6.
6. I hereby acknowledge that this application is for an employment of indefinite duration, terminable at will, for any reason either by myself or by Chrysler, except as otherwise provided by the terms of a collective bargaining agreement, if any, applicable to me.
7. I understand that the terms of paragraph 6 cannot be altered except by written agreement executed by an Officer of Chrysler Corporation.
8. I agree that any claim or lawsuit relating to my service with Chrysler Corporation or any of its subsidiaries must be filed no more than six (6) months after the date of the employment action that is the subject of the claim or lawsuit. I waive any statute of limitations to the contrary.
NOTE: A photocopy of this statement shall be as valid as the original.

**Applicant's Signature** _(signature)_     **Date** 6-8-94

(This application will be considered active for twelve (12) months from the date filed. If you are hired, it becomes part of your official employment record.)

**For Personnel Use Only**

**General Comments, Test Information, Etc.**

Acceptable ☐
for Hire ☐  No Interest ☐  (state reasons)

**Interviewer's signature** _____   **Date** _____

84-751-0112 (12/92) BACK

**Exhibit 1-B**

# CHRYSLER CORPORATION
An Equal Opportunity Employer

## Application for Employment
Chrysler Corporation or subsidiaries

**Instructions:** Please furnish complete and accurate information. Applications will be verified. Incomplete applications will not be considered. In addition to completing this form, you may attach a resume detailing your professional, educational, and social activities.

CENTRAL OPERATIONS PERSONNEL - CHRYSLER CENTER

## Personal Information

| Last Name (print) | First Name | Initial | Other Name(s) Under Which Attended School or Employed | | Social Security No. |
|---|---|---|---|---|---|
| MODLIN | MARK | A | | | Redacted |

Date available to begin work

**Present address:** 52 ALEXANDER DRIVE — No. and Street — City: COLCHESTER — State: CT — Zip Code: 06415

**Permanent address if different** — No. and Street — City — State — Zip Code

Telephone No.: 203 537-1459   
U.S. Citizen: ☐ No ☒ Yes   If no, enter type visa-Number-

Age: Check if under 18 years of age ☐

Have you ever worked for Chrysler Corporation or subsidiaries? ☒ No ☐ Yes (indicate)

Have you ever served in the U.S. Armed Forces? ☒ No ☐ Yes   Dates: From: __ To: __
Branch of Service | Type of Discharge

Have you been convicted by a civilian or military court for violating any law within the past seven (7) years (unless otherwise specified, all convictions are included except minor traffic offenses)? ☒ No ☐ Yes (indicate)

Last Plant or Office | Separation Date | Disposition
Date | Offense | City - State

## Educational, Special Interests, Qualifications

| Education | Total Credit Years | School Name | City | State | Course | Major | Minor | Certificate Diploma Degree | Did You Grad. | Grade Average |
|---|---|---|---|---|---|---|---|---|---|---|
| Grade—High School (Show last attended) | | LINCOLN PARK HIGH SCHOOL | LINCOLN PARK | MI | | | | DIPLOMA | ☐ No ☒ Yes | 3.5 |
| Business/Trade School | | HENRY FORD COMMUNITY COLLEGE | | | | | | NONE | ☐ No ☒ Yes | 3.5 |
| College (s) | 1. | UNIVERSITY OF MICHIGAN - DEARBORN | | | | M.E. | | B S. M.E. | ☒ No ☐ Yes | 2.45 |
| Post-Graduate Education | 2. | RENSSELAER POLYTECHNIC INSTITUTE | | | | M.E. | C.S. | M SIN E | ☒ No ☐ Yes | 3.2 |
| | 3. | | | | | | | | ☐ No ☐ Yes | |
| | 4. | | | | | | | | ☐ No ☐ Yes | |

Special Interests: SPORTS, HIKING, CAMPING

List other Training, Qualifications, and Skills such as draftsman, apprenticeship, languages, typing, etc.
1. SOUND AND VIBRATION ENGINEER   COMPLETED THE DALE CARNEGIE COURSE IN EFFECTIVE SPEAKING AND HUMAN RELATIONS   COMPLETED THE ENGINEERING - IN - TRAINING EXAMINATION (CONNECTICUT)
2.   4.

Can you work any shift? ☒ Yes ☐ No

Expected Rate/Salary: $38000/year

Would you relocate ☐ No ☒ Yes

## Position Desired
List positions qualified for
1.   2.

84-751-0112 (7/82)
Exhibit 1-C

**Employment Information**

Additional Instructions: List employment starting with your most recent employer. Account for all periods, including military service, Chrysler experience, and periods of unemployment. If the space provided does not cover at least 7 years, attach additional sheet or complete resume.

| From Mo./Yr. | To Mo./Yr. | Firm Name | Street Address | City | State | Zip Code | Base Earnings | Reason for Leaving |
|---|---|---|---|---|---|---|---|---|
| 5/81 | 6/83 | GENERAL DYNAMICS ELECTRIC BOAT DIVISION | EASTERN POINT ROAD | GROTON | CT | 06415 | $ 33000 per YR | CURRENTLY EMPLOYED, BUT INTERESTED IN RETURNING TO THE DETROIT AREA. |

Job Title and Duties: SOUND & VIBRATION ENGINEER, PROPULSION SYSTEMS ENGINEER, COMPONENT ENGINEER

| From Mo./Yr. | To Mo./Yr. | Firm Name | Street Address | City | State | Zip Code | Base Earnings | Reason for Leaving |
|---|---|---|---|---|---|---|---|---|
| | | | | | | | $ per | |

Job Title and Duties

| From Mo./Yr. | To Mo./Yr. | Firm Name | Street Address | City | State | Zip Code | Base Earnings | Reason for Leaving |
|---|---|---|---|---|---|---|---|---|
| | | | | | | | $ per | |

Job Title and Duties

| | From/To | Name and Address of Employer | | Name and Address of Employer |
|---|---|---|---|---|
| Other work experience within past seven (7) years. | | 1. | | 3. |
| | | 2. | | 4. |
| Other work experience within past seven (7) years. (continued) | | | | |

**READ CAREFULLY BEFORE SIGNING:**

1. I have read and do understand the statements contained herein and certify that they are true.

2. I understand that false or incomplete statements herein or in any resume I have supplied are grounds for dismissal.

3. I hereby authorize that previous employers contacted by Chrysler Corporation or any of its subsidiaries in connection with this application fully respond to all inquiries concerning such previous employment and specifically waive prior written notice of disclosure of my personnel record information, including disciplinary reports, letters or reprimand or other disciplinary action. I also authorize educational institutions to release information relative to claimed degrees and achievements. In consideration of the acceptance of my application, I release Chrysler Corporation or any of its subsidiaries previous employers, and educational institutions of any claimed liability arising out of such response and disclosure.

4. I understand that any offer of employment is conditional upon the results of a physical examination by a physician selected by Chrysler or any of its subsidiaries.

5. In the event that I am employed by Chrysler Corporation or any of its subsidiaries, I agree to comply with all its orders, rules, and regulations and acknowledge that said orders, rules, and regulations do not constitute terms of employment contrary to paragraph 6.

6. I hereby acknowledge that this application is for an employment of indefinite duration terminable at will, for any reason either by myself or by Chrysler, except as otherwise provided by the terms of a collective bargaining agreement, if any, applicable to me.

7. I understand that no supervisor or manager other than an officer of the Corporation has authority to make any agreement (oral, written or implied) or other representations contrary to paragraph 6.

NOTE: A photocopy of this statement shall be as valid as the original.

Applicant's Signature _Mark McMillen_    Date _6-17-88_

(This application will be considered active for six (6) months from the date filed. If you are hired, it becomes part of your official employment record.)

**For Personnel Use Only**

General Comments, Test Information, Etc.

Physical Examination

PQ ☐    PQX ☐

Interviewer's signature _Scott A. Telfer_    Date _6/15/88_

Physician's signature _Mark Dale MD_    Date _7/14/88_

84-751-0112 (7/82)

Acceptable ☐ No Interest ☐
for Hire ☐ (state reasons)

Exhibit 10



# CHRYSLER CORPORATION

An Equal Opportunity Employer

# Application for Employment

Chrysler Corporation or subsidiaries

Instructions: Please furnish complete and accurate information. Applications will be verified. Incomplete applications will not be considered. In addition to completing this form, you may attach a resume detailing your professional, educational, and social activities.

**PROFESSIONAL & TECHNICAL RECRUITMENT & PLACEMENT**
**CENTRAL OPERATIONS PERSONNEL - CHRYSLER CENTER**

Date available to begin work: **MAY 84**

## Personal Information

| Last Name (print) | First Name | Initial | Other Name(s) Under Which Attended School or Employed | Social Security No |
|---|---|---|---|---|
| WINFREY JR | WILLIAM | K | | Redacted |

| Present address | No. and Street | City | State | Zip Code | Telephone No | U.S. Citizen | If no, enter type visa Number |
|---|---|---|---|---|---|---|---|
| | 15769 ASBURY PK. | DETROIT | MI | 48227 | 838-8384 | ☒ No ☐ Yes | |

| Permanent address if different | No. and Street | City | State | Zip Code | Have you ever served in the U.S. Armed Forces? ☒ No ☐ Yes | Rank or Rating |
|---|---|---|---|---|---|---|

Age. Check if under 18 years of age ☐

Dates: From _____ To _____

| Have you ever worked for Chrysler Corporation or subsidiaries? ☐ No ☒ Yes (Indicate) | Last Plant or Office | Separation Date | Branch of Service | Type of Discharge |
|---|---|---|---|---|
| | CHRYSLER CENTER - SOUND & VIB LAB | 9/79 | | |

Have you been convicted by a civilian or military court for violating any law within the past seven (7) years (unless otherwise specified, all convictions are included except minor traffic offenses)? ☒ No ☐ Yes (Indicate)

| Date | Offense | Disposition | City - State |
|---|---|---|---|

## Educational, Special Interests, Qualifications

| Education | Total Credit Years | School Name | City | State | Course | Major | Minor | Certificate Diploma Degree | Did You Grad. | Grade Average |
|---|---|---|---|---|---|---|---|---|---|---|
| Grade–High School (Show last attended) | | CASS TECHNICAL HIGH SCHOOL | DET. | MI | | DESIGN DRAFTING TECH. | | DIPLOMA | ☐ No ☒ Yes | 3.0 |
| Business/Trade School | | | | | | | | | ☐ No ☐ Yes | |
| College (s) | | 1. WAYNE STATE UNIV. DET. | DET. | MI | | MECH. ENGR. | | BSME | ☐ No ☒ Yes | 2.76 |
| Post-Graduate Education | | 2. DETROIT COLLEGE OF LAW DET. | DET. | MI | | | | JD | ☐ No ☒ Yes | |
| | | 3. | | | | | | | ☐ No ☐ Yes | |
| | | 4. | | | | | | | ☐ No ☐ Yes | |

List other Training, Qualifications and Skills such as draftsman, apprenticeship, languages, typing, etc.

| Special Interests | | |
|---|---|---|

## Position Desired

| List positions qualified for | Can you work any shift? ☐ Yes ☒ No | Expected Rate/Salary | Would you relocate |
|---|---|---|---|
| 1. | | 700/WK | ☒ No |
| 2. | | | ☐ Yes |
| 3. | | | |
| 4. | | | |

Exhibit 1 D

## Employment Information

Additional Instructions: List employment starting with your most recent employer. Account for all periods, including military service, Chrysler experience, and periods of unemployment. If the space provided does not cover at least 7 years, attach additional sheet or complete resume.

| From Mo./Yr. | To Mo./Yr. | Firm Name | Street Address | City | State | Zip Code | Base Earnings | Reason for Leaving |
|---|---|---|---|---|---|---|---|---|
| 12/80 | PRESENT | DETROIT EDISON | 2000 SECOND AVE | DET. | MI | 48226 | $ 585 per WK | |

Job Title and Duties: ASSOCIATE ENGINEER - BOILER EQUIP. GROUP; PERFORM ECONOMIC AND EQUIPMENT STUDIES TO MAX. OUTPUT.

| From Mo./Yr. | To Mo./Yr. | Firm Name | Street Address | City | State | Zip Code | Base Earnings | Reason for Leaving |
|---|---|---|---|---|---|---|---|---|
| 6/80 | 10/80 | PONTIAC MOTOR DIV G.M. | | PONTIAC | MI | | $ 330 per WK | PERMANENT EMPLOYMENT |

Job Title and Duties: CO-OP ENGINEER - LIFE TESTING OF CHASSIS, AND BODY COMPONENTS.

| From Mo./Yr. | To Mo./Yr. | Firm Name | Street Address | City | State | Zip Code | Base Earnings | Reason for Leaving |
|---|---|---|---|---|---|---|---|---|
| 8/74 | 9/79 | CHRYSLER CORP. | | HIGHLAND PK | MI | | $ per | |

Job Title and Duties: CO-OP ENGINEER - VARIOUS ASSIGNMENTS IN BODY SEALING, MECH. COMPONENTS, BRAKE, STEERING & SUSPENSION, ETC.

Other work experience within past seven (7) years.

| From/To | Name and Address of Employer |
|---|---|
| | 3. |
| (continued) | 4. |

**READ CAREFULLY BEFORE SIGNING:**

1. I have read and do understand the statements contained herein and certify that they are true.

2. I understand that false or incomplete statements herein or in any resume I have supplied are grounds for dismissal.

3. I hereby authorize that previous employers contacted by Chrysler Corporation or any of its subsidiaries in connection with this application fully respond to all inquiries concerning such previous employment and specifically waive prior written notice of disclosure of my personnel record information, including disciplinary reports, letters or reprimand or other disciplinary action. I also authorize educational institutions to release information relative to claimed degrees and achievements. In consideration of the acceptance of my application, I release Chrysler Corporation or any of its subsidiaries previous employers, and educational institutions of any claimed liability arising out of such response and disclosure.

4. I understand that any offer of employment is conditional upon the results of a physical examination by a physician selected by Chrysler or any of its subsidiaries.

5. In the event that I am employed by Chrysler Corporation or any of its subsidiaries, I agree to comply with all its orders, rules, and regulations and acknowledge that said orders, rules, and regulations do not constitute terms of employment contrary to paragraph 6.

6. I hereby acknowledge that this application is for an employment of indefinite duration, terminable at will, for any reason either by myself or by Chrysler, except as otherwise provided by the terms of a collective bargaining agreement, if any, applicable to me.

7. I understand that no supervisor or manager other than an officer of the Corporation has authority to make any agreement (oral, written or implied) or other representations contrary to paragraph 6.

NOTE: A photocopy of this statement shall be as valid as the original.

Applicant's Signature _William H. Humphrey_   Date 4/10/84

(This application will be considered active for six (6) months from the date that you are hired, it becomes part of your official employment record.)

| | |
|---|---|
| Signature _G.B. Grap_ | Date 6/5/84 |

### For Personnel Use Only

General Comments, Test Information, Etc.

Acceptable ☐   No Interest ☐ (state reasons)
for Hire ☐

Physical Examination

PQ ☒   PQX

Interviewer's signature _____   Physician's signature _____   Date _____

Exhibit 1-D

84-751-0112 (2-82)

# CHRYSLER GROUP LLC - EMPLOYEE DISPUTE RESOLUTION PROCESS

### *PURPOSE*

This Employee Dispute Resolution Process ("EDRP") provides a fair, timely, and impartial method to resolve employment disputes of eligible employees of Chrysler Group LLC, its subsidiaries and affiliates ("Chrysler Group LLC"). This process provides the exclusive, final and binding method to resolve disputes covered under the EDRP.

### *SCOPE*

**Employee:** The EDRP applies to any current and former employee, applicant for employment, Service Agreement Worker, or any other person that expressly agrees to be bound by the EDRP, but does not include supplemental workers, temporary employees and bargaining unit employees. The use of the term "employee" or "eligible employee" in this EDRP shall not be deemed to create an employment relationship between Chrysler Group LLC and any other person or entity.

**Covered Disputes:** The EDRP applies to any disputes arising out of or relating to the eligible employee's employment with, or application with, Chrysler Group LLC, except for those disputes expressly "excluded" below. Some examples of Covered Disputes include but are not limited to:

– Refusal/failure to hire
– Termination of employment, including constructive discharge
– Layoff, including disciplinary layoff
– Demotion
– Refusal to promote
– Disability accommodation
– Harassment and/or discrimination based upon sex, age, race, national origin, disability, or any other legally protected class
– Compensation
– Leaves of absence provided by law
– Retaliation claims for legally protected activity and/or whistleblowing

**Excluded Disputes:** The EDRP is not available to resolve disputes:

(1) That relate to Workers' Compensation or unemployment benefits;
(2) That cannot be subjected to mandatory arbitration; and
(3) For benefits under a Company benefit plan covered by the Employment Retirement Income Security Act of 1974 ("ERISA") or any other claims covered by ERISA.

### *PROCESS*

**Informal Review:** An employee who wants to resolve a Covered Dispute is encouraged to discuss the dispute with his/her immediate supervisor or others in the management chain before initiating a written complaint to resolve the dispute under this EDRP.

**Local Review:** Regardless of whether an employee uses an informal review, an employee must, **within 180 calendar days of the employment action giving rise to the Covered Dispute**:

Exhibit 1-E

- Complete and sign Part A of the EDRP Form[1]
- Submit Part A to the employee's immediate supervisor with a copy to the local Human Resources Office

Within 20 calendar days of the receipt of Part A, the employee's immediate supervisor will:

- Review the circumstances and desired resolution with the next level(s) of management
- Provide a written response to the employee by completing Part B with a copy to the local Human Resources Office; the next level of management must concur with the response. Additionally, the Group Human Resources Office must concur in the modification of any disciplinary action

**Corporate Review:**     To pursue the Covered Dispute beyond Local Review, the employee must, within **20 calendar days of receipt of Part B:**

- Complete and sign Part C
- Submit Part C to the Corporate Diversity Office

The Corporate Diversity Office will within 30 calendar days after receipt of Part C:

- Review the circumstances and desired resolutions with appropriate senior management
- Provide a written response to the employee by completing Part D with a copy to the Supervisor and the appropriate Human Resources Office

**Arbitration:**     If the employee wants to pursue the Covered Dispute beyond the Corporate Review, the employee must submit the claim for final binding confidential arbitration, within **20 calendar days of receipt of Part D, by**:

- Completing and signing Part E
- Submitting Part E to the American Arbitration Association (AAA) at the address indicated on the form

The AAA will administer the arbitration proceeding consistent with its rules governing labor arbitrations, unless otherwise provided in the EDRP Arbitration Procedure attached hereto. If there is any conflict between the terms of the EDRP Arbitration Procedure and AAA's rules governing labor arbitrations, the terms of the EDRP Arbitration Procedure will prevail. See Attachment 2 for the EDRP Arbitration Procedure.

**Sexual Harassment:**     Chrysler Group LLC Policy 3-6 provides an alternative method for resolving sexual harassment allegations. If an employee chooses to resolve an allegation of sexual harassment under Policy 3-6:

---

[1] Attachment 1 is the EDRP Form that must be used under the EDRP. The form has five parts, referred to as Parts A – E, and is available in the local Human Resources Office.

Exhibit 1-E

- The employee is not required to proceed under the Local Review and Corporate Review levels of this EDRP.
- If, however, the employee wants to pursue the allegation beyond the Policy 3-6 investigation, the employee must pursue arbitration under this EDRP.

## TIME REQUIREMENTS

**The time requirements set forth in the EDRP are strictly enforced and** may be extended only by a written, mutual agreement between the employee and the Human Resources Office.  If either Part C or Part E is not submitted on a timely basis, the dispute shall be considered resolved on the basis of the last answer and is not subject to further review or arbitration.

If either Part B or Part D is not returned to the employee on a timely basis, the employee may immediately proceed to the next level of the process in accordance with the time requirements set forth above.

## RETALIATION PROHIBITED

Retaliation against any employee, who in good faith, uses or otherwise participates in the EDRP is strictly prohibited.  Any concern that retaliation has occurred must be promptly reported to the employee's supervisor, local HR representative, or other member in the management chain.

## EXCLUSIVE REMEDY AND INDIVIDUAL NATURE OF COVERED CLAIMS

The EDRP provides the exclusive, final and binding method to resolve Covered Disputes.  The scope of this EDRP extends to all Covered Disputes whether based on federal, state or local law.

Covered Disputes under the EDRP must be brought on an individual basis.  Neither Chrysler Group LLC nor any employee may submit a class, collective, or representative action for resolution under the EDRP.  To the maximum extent permitted by law, and except where expressly prohibited by law, arbitration on an individual basis pursuant to the EDRP is the exclusive remedy for any Covered Dispute that may be brought on a class, collective or representative action basis.  Accordingly, an employee may not participate as a class or collective action representative or as a member of any class, collective, or representative action, and will not be entitled to recovery from a class, collective, or representative action in any forum.  Any disputes concerning the validity of this class, collective and representative action waiver will be decided by a court of competent jurisdiction, not by the arbitrator.

## AT WILL STATUS

It is the policy of Chrysler Group LLC that all employment relationships are at will and may be terminated by Chrysler Group LLC or by the employee at any time, with or without cause.  This EDRP does not change the at will policy.

## FILING WITH GOVERNMENT AGENCIES

Nothing in the EDRP is intended to discourage or interfere with an employee's right to file an administrative claim or charge with government agencies, such as the Equal Employment Opportunity Commission, the U.S. Department of Labor, or National Labor Relations Board.

## MODIFICATION OF PROCESS

Exhibit 1-E

The terms of the EDRP in effect at the time of the facts giving rise to the Covered Dispute are the terms that will be binding on Chrysler Group LLC and the employee.  Otherwise, the Company reserves the right to change, modify, or discontinue the EDRP at any time upon prior written notice to the affected employees.

This procedure may cover any employment dispute mutually agreed to by the employee and his/her management, with final concurrence by the manager of the Corporate Diversity Office.

### *SEVERABILITY*

If any part or provision of the EDRP is held to be invalid, illegal, or unenforceable, such holding will not affect the legality, validity, or enforceability of the remaining parts and each provision of the EDRP will be valid, legal, and enforceable to fullest extent permitted by law.

Attachment 1 – EDRP Form
Attachment 2 – EDRP Arbitration Procedure

Exhibit 1-E

# CHRYSLER GROUP LLC
## EMPLOYEE DISPUTE RESOLUTION PROCESS FORM

| | |
|---|---|
| **PART A**      **Dispute Notice** | |
| Employee Name | Title |
| Loc. # and Dept. Name | CIMS#           Phone # |
| Date of Incident | Immediate Supervisor |
| Was there an informal discussion of the incident with your supervisor? | |
| Thoroughly describe the dispute (use additional page(s) if needed) | |
| | |
| | |
| | |
| | |
| | |
| | |
| Desired Resolution | |
| | |
| | |
| Employee's Signature | Date |
| NOTE:      Employee Will Submit PART A to Supervisor and a Copy to Local Human Resources 010cc. | |

5

Exhibit 1-E

| Part B | Local Response |
|---|---|

Date Supervisor Received PART A

Supervisory Response (Must be completed and returned within 20 calendar days of receipt)

| Supervisor's Signature | Date |
|---|---|
| Next Level Concurring Signature | Date |

NOTE: Supervisor Will Submit PART B to Employee and a Copy to Local Human Resources Office.

| PART C | Employee Appeal For Corporate Review |
|---|---|

Date Employee Received PART B

Appeal Of local response must be submitted within 20 calendar days of receipt of PART B.

Additional Comments (Optional)

| Employee's Signature | Date |
|---|---|

NOTE:  Employee Will Submit PART C to Corporate Diversity Office, 1000 Chrysler Drive, CIMS# 485-08-10, Auburn Hills, MI 48326-2766, Fax: (248) 512-0638 and a Copy to Supervisor.

| PART D | Corporate Response |
|---|---|

Date PART C Received For Corporate Review

Corporate Response (must be completed and returned to employee within 30 calendar days)

Exhibit 1-E

| Corporate Signature | Date |
| --- | --- |
| | |

NOTE:       Corporate Reviewer Will Submit PART D to Employee and COPY TO Supervisor and Appropriate Human Resources Office.

---

## PART E       Employee Appeal for Arbitration

Date Employee Received PART D

Arbitration request must be completed and mailed to the American Arbitration Association within 20 calendar days of receipt of PART D.

Additional Comments (Optional)

| | |
| --- | --- |
| | |
| | |

| Employee's Signature | Date |
| --- | --- |
| | |

NOTE:     Employee Will Mail Complete Form to Address Below.

---

| EMPLOYEE CONTACT INFORMATION: | Mail To: |
| --- | --- |
| Full Name | American Arbitration Association |
| Home Address: | 1101 Laurel Oak Road, Suite 100 |
| | Voorhees, NJ 08043 |
| Phone # (        ) | Fax # 877-304-8457 |

7

Exhibit 1-E

# CHRYSLER GROUP LLC - EDRP ARBITRATION PROCEDURE

| **1.     American Arbitration Association (AAA) Procedure** |
|---|

Any Covered Disputes that remain unresolved will proceed to confidential and binding arbitration.  AAA will administer the arbitration proceeding consistent with its rules governing labor arbitrations, unless otherwise provided in this EDRP Arbitration Procedure ("Procedure"). If there is any conflict between the terms of the Procedure and AAA's rules governing labor arbitrations, the terms of this Procedure will prevail.

| **2.     PreHearing Exchange of Information** |
|---|

Within 14 calendar days after AAA assigns an Arbitrator to resolve the dispute(s) covered under the EDRP, the employee and a Company representative will meet to discuss exchanging information before the hearing.[2]  If the employee and Company representative cannot agree on the information to be exchanged, the Arbitrator may rule on the issue.  The Arbitrator shall consider both the need to provide a full and fair consideration of the relevant and material facts of the dispute and the need to provide a relatively inexpensive and expeditious method to resolve the dispute.

Unless otherwise ordered by the Arbitrator, the employee and the Company will each be entitled to take the following discovery:

- Depositions:  A deposition is sworn testimony that is transcribed by a court reporter.  The cost for the deposition will be paid by the party requesting it. Each party may take the deposition of two persons whose testimony is relevant to the dispute

- Interrogatories:  Interrogatories are written questions that must be answered by the responding party under oath, so long as it is relevant to the dispute.  Each party may submit up to 20 written questions.  Responses and objections must be served on the inquiring party within 30 calendar days of receipt of the request.

- Document Requests:  Each party may serve up to 15 requests for documents or things.  Responses and objections must be served on the inquiring party within 30 calendar days of receipt of the request.

The Arbitrator will not have the authority to order the deposition of any Director or Officer of the Company unless the Arbitrator determines that no other person could testify about the subject matter.  The Arbitrator will have the authority to resolve all other discovery-related matters, except as prohibited under this Procedure.

| **3.     PreHearing Dismissal of Claim** |
|---|

The Arbitrator is authorized, prior to a hearing, to render a special opinion and award disposing of the dispute, or a portion of the dispute. The Arbitrator will do so only if the Arbitrator determines that there are no factual issues requiring a hearing and that the Company **is** entitled to an award in its favor.

---

[2] The term "Company" or Chrysler Group LLC refers to Chrysler Group LLC, its subsidiaries and affiliates.

Exhibit 1-E

For example, if an employee makes a claim that his/her separation breached an express or implied contract of employment, that dispute could be dismissed without a hearing because it was inconsistent with the Company's At Will employment policy (unless the Arbitrator determines that the Company's At Will policy does not apply).

If the Company wants the Arbitrator to dispose of the claim without a hearing, it must serve a written request on both the Arbitrator and the employee, and the employee will have the right to file a written response.

## 4.    Transcript of Proceedings

Either the employee or the Company may request that a transcript be made of the arbitration proceeding.  Whoever requests the transcript will be responsible for its cost unless the other party also requests a copy of the transcript, in which case each party will be responsible for paying one-half of the cost of the transcript.

## 5.    Arbitrator's Authority

The Arbitrator's authority is limited to deciding whether the challenged personnel decision or action was (1) lawful under applicable federal, state and local law, or (2) consistent with the Company's At Will employment policy.  The Arbitrator also shall have authority to determine issues of timeliness of the Covered Dispute(s).

The Arbitrator must consider and rule on every issue, within the scope of the Arbitrator's authority, which was specified on the EDRP Form or raised at the arbitration hearing.

In reaching a decision, the Arbitrator will interpret, apply and be bound by any applicable Company policies and procedures and by applicable federal, state or local law.  The Arbitrator has no authority, however, to (1) add to, detract from, or otherwise modify any law, policy or procedure in any respect, (2) decide any matters that are within the sole discretion of the Company in the management and conduct of its business, or (3) decide any dispute that is based upon a claim that an employee is eligible to receive benefits under any Company employee benefit plan or fringe benefit program.

## 6.    Relief

If the Arbitrator finds that the employee has not proven that he/she was unlawfully discriminated against, or that the Company did not breach the terms of an alleged employment agreement, the Arbitrator must enter an award in favor of the Company.

If the Arbitrator finds that the employee has proven that he/she was unlawfully discriminated against, or that the Company did breach the terms of an alleged employment agreement, the Arbitrator may award any remedy or relief that a court could grant, except as provided in this Procedure.

To the maximum extent permitted by the applicable law, if the Arbitrator awards back pay, the Arbitrator must deduct from the award the employee's interim earnings and any other sums paid in lieu of employment during the period covered by the back pay award, such as unemployment compensation or workers compensation payments.  The Arbitrator must also determine if the employee failed to mitigate his/her damages.   If the Arbitrator determines that an employee failed to mitigate his/her damages, the Arbitrator must reduce the damages to the extent permitted by the applicable law. .

## 7.    Arbitrator's Decision

Exhibit 1-E

The Arbitrator will, within 30 calendar days after the close of the arbitration hearing, issue a signed written decision and opinion.  The decision will specify the relief awarded, if any, and the elements and basis for any monetary award.  The decision will include findings of fact and, if appropriate, conclusions of law.

The EDRP and proceedings under it will be governed by the Federal Arbitration Act and any applicable state arbitration statute.  The Arbitrator's award will be enforceable in a federal district court or state court.

The decision of the Arbitrator shall be final and binding.  However, limited judicial review may be obtained in a federal district court or state court in accordance with the legal standards for review of arbitration awards.

## 8.   Arbitrator's Fees

The Company will be responsible for paying the Arbitrator's fees and expenses of arbitration.

## 9.   Representation

Either party may be represented by an attorney or other representative at the arbitration level.

## 10.   Attorneys and Other Fees

Neither party will be liable for the payment of expenses or fees of the other party including, without limitation, attorney's fees and deposition costs except (1) if they are entitled to attorney's fees or deposition costs under law or (2) if the arbitrator determines that the employee's claim or the Company's defense of the employee's claim was frivolous.

## 11.   Effect of Court Decision

If a court determines that the EDRP is not the exclusive, final, and binding method for the Company and its employees to resolve disputes and/or that the decision and award of the Arbitrator is not final and binding as to some or all of the employee's claim, an employee must pursue the EDRP to conclusion before filing, or pursuing, any legal, equitable, administrative, or other formal proceeding for an eligible claim. In addition, if any provision of this EDRP is determined by a court to be invalid or unenforceable, the validity, legality and enforceability of the remaining provisions will not be affected by the determination, and each provision of this EDRP will be valid, legal and enforceable to the fullest extent permitted by law.

## 12.   Exclusive Remedy

The EDRP provides the exclusive, final and binding method to resolve eligible employment disputes. The scope of this EDRP extends to all eligible disputes whether based on federal, state or local law, including breach of contract, discrimination or retaliation claims.

Disputes covered under the EDRP must be brought on an individual basis.  Neither Chrysler Group LLC nor any employee may submit a class, collective, or representative action for resolution under the EDRP.  To the maximum extent permitted by law, and except where expressly prohibited by law, arbitration on an individual basis pursuant to the EDRP is the exclusive remedy for any dispute that may be brought on a class, collective or representative action basis.  Accordingly, an employee may not participate as a class or collective action representative or as a member of any class, collective, or representative action, and will not be entitled to recovery from a class, collective, or representative action in any forum.  Any disputes concerning the validity of this class, collective and representative action waiver will be decided by a court of competent jurisdiction, not by the arbitrator.

Exhibit 1-E

| 13. | At Will Status |
|---|---|

It is the policy of Chrysler Group LLC that all employment relationships are At Will and may be terminated by Chrysler Group LLC or by the employee at any time, with or without cause. This Procedure does not change this policy.

| 14. | Modification of Process |
|---|---|

The terms of the Procedure in effect at the time of the facts giving rise to the arbitration are the terms that will be binding on Chrysler Group LLC and the employee.  Otherwise, the Company reserves the right to change, modify, or discontinue the EDRP at any time upon prior written notice to the affected employees.   This Procedure may cover any employment dispute mutually agreed to by the employee and his/her management, with final concurrence by the manager of the Corporate Diversity Office.

11

Exhibit 1-E