UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAN CERJANEC, RODRIGO BRAVO,
MARK MODLIN, WILLIAM WINFREY,
and GLENN LUKAS, on behalf of himself
and all others similarly situated,

Plaintiffs,

vs

FCA US LLC,

Defendant.

Case No. 17-10619

Hon. Laurie J. Michaelson

**CLASS ACTION**

| AKEEL & VALENTINE, PLC | MILLER CANFIELD |
|---|---|
| Shereef H. Akeel (P54345) | Jerome R. Watson (P27082) |
| Hasan Kaakarli (P81099) | Misbah Shahid (P73450) |
| Adam S. Akeel (P81328) | Attorneys for Defendant |
| Attorneys for Plaintiff | 150 W. Jefferson Ave., Suite 2500 |
| 888 W. Big Beaver Road, Suite 910 | Detroit, MI 48226 |
| Troy, MI 48084 | watson@millercanfield.com |
| (248) 269-9595 | shaid@millercanfield.com |
| shereef@akeelvalentine.com | |
| hasan@akeelvalentine.com | |
| adam@akeelvalentine.com | |
| | |
| PITT, MCGEHEE, PALMER & RIVERS | LITTLER MENDELSON, P.C. |
| Michael L. Pitt (P24429) | Tasha K. Inegbenebor (GA 382905) |
| Megan A. Bonanni (P52079) | Daniel E. Turner (GA 719330) |
| Robert W. Palmer (P31704) | Attorneys for Defendant |
| Carey S. McGehee (P42318) | 3344 Peachtree Rd. NE, Ste. 1500 |
| Beth M. Rivers (P33614) | Atlanta, GA 30326 |
| Attorneys for Plaintiffs | (404) 233-0330 |
| 117 W. Fourth Street, Ste. 200 | dturner@littler.com |
| Royal Oak, MI 48067 | tinegbenebor@litller.com |

AKEEL & VALENTINE, PLC ▪ 888 W. BIG BEAVER ROAD ▪ SUITE 910 ▪ TROY, MICHIGAN 48084-4736 ▪ (248) 269-9595 ▪ FAX: (248) 269-9119
www.akeelvalentine.com

(248) 398-9800
rpalmer@pittlawpc.com
mbonanni@pittlawpc.com
brivers@pittlawpc.com

---

## PLAINTIFFS' RESPONSE TO DEFENDANT'S MOTION TO COMPEL ARBITRATION; MOTION TO DISMISS; AND/OR MOTION TO STRIKE CLASS ALLEGATIONS IN THE SECOND AMENDED COMPLAINT

**NOW COME** Plaintiffs, DAN CERJANEC, RODRIGO BRAVO, MARK MODLIN, WILLIAM WINFREY, and GLENN LUKAS, by and through their attorneys, AKEEL & VALENTINE, PLC, and PITT, MCGEHEE, PALMER, AND RIVERS, and hereby submits their response to Defendant's motion to compel arbitration, dismiss, and/or strike class allegations. For the reasons stated in their Brief in Support, Plaintiffs respectfully requests that this Honorable Court **DENY** Defendant's Motions in their entirety.

Respectfully submitted,

AKEEL & VALENTINE, PLC

By: /s/:  Shereef H. Akeel
SHEREEF H. AKEEL (P54345)
HASAN KAAKARLI (P81099)
ADAM S. AKEEL (P81328)
Attorneys for Plaintiff
888 West Big Beaver Road, Suite 910
Troy, MI  48084
(248) 269-9595
shereef@akeelvalentine.com
hasan@akeelvalentine.com
adam@akeelvalentine.com

Dated:  July 28, 2017

*AKEEL & VALENTINE, PLC ▪ TROY, MICHIGAN 48084-4736 ▪ (248) 269-9595 ▪ FAX: (248) 269-9119*
*www.akeelvalentine.com*
*888 W. BIG BEAVER ROAD ▪ SUITE 910*

ii

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAN CERJANEC, RODRIGO BRAVO,
MARK MODLIN, WILLIAM WINFREY,
and GLENN LUKAS, on behalf of himself
and all others similarly situated,

        Plaintiffs,                  Case No.  17-10619

    vs                            Hon.  Laurie J. Michaelson

                                  **CLASS ACTION**

FCA US LLC,

        Defendant.

| AKEEL & VALENTINE, PLC | MILLER CANFIELD |
|---|---|
| Shereef H. Akeel (P54345) | Jerome R. Watson (P27082) |
| Hasan Kaakarli (P81099) | Misbah Shahid (P73450) |
| Adam S. Akeel (P81328) | Attorneys for Defendant |
| Attorneys for Plaintiff | 150 W. Jefferson Ave., Suite 2500 |
| 888 W. Big Beaver Road, Suite 910 | Detroit, MI 48226 |
| Troy, MI 48084 | watson@millercanfield.com |
| (248) 269-9595 | shaid@millercanfield.com |
| shereef@akeelvalentine.com | |
| hasan@akeelvalentine.com | |
| adam@akeelvalentine.com | |
| PITT, MCGEHEE, PALMER & RIVERS | LITTLER MENDELSON, P.C. |
| Michael L. Pitt (P24429) | Tasha K. Inegbenebor (GA 382905) |
| Megan A. Bonanni (P52079) | Daniel E. Turner (GA 719330) |
| Robert W. Palmer (P31704) | Attorneys for Defendant |
| Carey S. McGehee (P42318) | 3344 Peachtree Rd. NE, Ste. 1500 |
| Attorneys for Plaintiff | Atlanta, GA 30326 |

AKEEL & VALENTINE, PLC
888 W. BIG BEAVER ROAD ▪ SUITE 910 ▪ TROY, MICHIGAN 48084-4736 ▪ (248) 269-9595 ▪ FAX: (248) 269-9119
www.akeelvalentine.com

iii

117 W. Fourth Street, Ste. 200              (404) 233-0330
Royal Oak, MI 48067                         dturner@littler.com
(248) 398-9800                              tinegbenebor@litller.com
rpalmer@pittlawpc.com
mbonanni@pittlawpc.com
mbonanni@pittlawpc.com

## PLAINTIFFS' BRIEF IN SUPPORT OF THEIR RESPONSE TO DEFENDANT'S MOTION TO COMPEL ARBITRATION; MOTION TO DISMISS; AND/OR MOTION TO STRIKE CLASS ALLEGATIONS IN THE SECOND AMENDED COMPLAINT

AKEEL & VALENTINE, PLC
888 W. BIG BEAVER ROAD ▪ SUITE 910 ▪ TROY, MICHIGAN 48084-4736 ▪ (248) 269-9595 ▪ FAX: (248) 269-9119
www.akeelvalentine.com

# **TABLE OF CONTENTS**

ISSUES PRESENTED……………………………………………………viii

TABLE OF AUTHORITIES……………………………………………..xi

INTRODUCTION……………………………………………………….1

STANDARD OF REVIEW……………………………………………...2

ARGUMENT…………………………………………………………….7

   I.    PURSUANT TO RECENTLY PUBLISHED SIXTH CIRCUIT LAW, DEFENDANT FCA'S ARBITRATION PROVISION IS ILLEGAL AND UNENFORCEABLE UNDER NLRA AND FAA………………..7

   A. Even if Defendant Maintained a Legally Enforceable Arbitration Provision (Which it Does Not), None of the Named Plaintiffs Are Contractually Bound to it Under Michigan Law…………………………………………………11

   B. Plaintiffs (Cerjanec, Modlin, and Winfrey) Did Not Knowingly, Intelligently, or Willingly Waive Their Rights………………………..12

   C. Plaintiffs Cerjanec, Modlin, Winfrey, and Bravo Did Not Accept Defendant's Offer to Arbitrate…………………………………………...14

   D. Defendant's Self-Serving Affidavits Create Issues of Fact Meriting Denial of Their 12(b) Motions………………………………………………………...15

   II.   PLAINTIFFS CLAIMS ARE TIMELY AND PLAINTIFFS HAVE EXHAUSTED THEIR ADMINISTRATIVE REMEDIES; THEREFORE, PLAINTIFFS ARE ENTITLED TO PURSUE THEIR CLAIMS IN FEDERAL COURT………………………………………16

   A. Plaintiffs' Claims Are Not Time Barred…………………………………17

   B. Plaintiffs Sufficiently Notified the EEOC of Class, or Collective Action Allegations and Exhausted Their Administrative Remedies…………….19

AKEEL & VALENTINE, PLC
888 W. BIG BEAVER ROAD ▪ SUITE 910 ▪ TROY, MICHIGAN 48084-4736 ▪ (248) 269-9595 ▪ (248) 269-4736 ▪ FAX: (248) 269-9119
www.akeelvalentine.com

AKEEL & VALENTINE, PLC
888 W. BIG BEAVER ROAD ▪ SUITE 910 ▪ TROY, MICHIGAN 48084-4736 ▪ (248) 269-9595 ▪ (248) 269-9119 ▪ FAX: (248) 269-9119
www.akeelvalentine.com

III.    AT THIS STAGE OF LITIGATION, PLAINTIFFS HAVE ASSERTED SUFFICIENT FACTUAL ALLEGATIONS TO DEMONSTRATE IT PLAUSIBLE THAT DEFENDANT MAINTAINED A COMMON POLICY OR PRACTICE WHICH HAS HAD A DISPARATE IMPACT ON MANY INDIVIDUALS OF A PROTECTED CLASS...............21

    A. Plaintiffs Have Asserted Sufficient Factual Allegations to Demonstrate it Plausible That They Can Meet Their Burden in Proving a Prima Facie Case of Disparate Impact.................................................................23

    B. Defendant's Attack on Plaintiffs' Use of the Word "Subjective" is Meritless...................................................................................25

IV.    ALTHOUGH PREMATURELY ARGUED BY DEFENDANT, PLAINTIFFS ARE ENTITLED TO COLLECTIVE ACTION TREATMENT UNDER THE ADEA AND CLASS ACTION TREATMENT UNDER THEIR ELLIOT LARSEN CLAIM............27

    A. FCA'S Request to Address Class Certification is Premature….......28

    B. At This Stage of Litigation, Plaintiffs Meet the Lenient Standard Utilized by This Court, Making Conditional Certification Appropriate................................................................................29

    C. Plaintiffs Can Pursue a Class Action Lawsuit Under ELCRA.........32

    D. Plaintiffs' Identification of Employees 55 Years and Older is Permissible...............................................................................34

    E. Even if This Court Determines That Plaintiffs Are Attempting to Create a "Subgroup", Such a Group is Permissible..............................36

V.    ALL PLAINTIFFS SUBJECT TO THE CALIBRATION PROCESS HAVE STANDING TO PURSUE A CLAIM OF DISPARATE IMPACT.......................................................................................37

VI.    IF THIS HONORABLE COURT FINDS FOR ANY REASON THAT PLAINTIFFS HAVE INSUFFICIENTLY PLED CLAIMS AGAINST

DEFENDANT BASED ON A LACK OF SPECIFICITY, THEN PLAINTIFFS SHOULD BE GIVEN AN OPPORTUNITY TO AMEND THEIR COMPLAINT IN RESPONSE TO A MOTION TO DISMISS CHALLENGING THE SUFFICIENCY OF THE PLEADINGS......39

CONCLUSION...................................................................................40

AKEEL & VALENTINE, PLC
888 W. BIG BEAVER ROAD ▪ SUITE 910 ▪ TROY, MICHIGAN 48084-4736 ▪ (248) 269-4736 ▪ (248) 269-9595 ▪ FAX: (248) 269-9119
www.akeelvalentine.com

## ISSUES PRESENTED

I.  Pursuant To Binding Sixth Circuit Law, It Is Unlawful For An Employer To Maintain An Arbitration Provision That Contains A Class Or Collective Action Waiver For Employment-Related Claims. Such A Provision Is Illegal And Unenforceable Under The NLRA, The FAA, And The FLSA.  Should This Honorable Court Enforce Defendant's Illegal Arbitration Provision?

**PLAINTIFFS' ANSWER: NO.**

II.  When Determining Whether To Compel Arbitration, A Court Must First Determine Whether There Exists A Valid, Legally Enforceable Contract.  In Doing So, Courts Look To State Law Contract Principles.  Under Michigan Law, A Contract Is Not Legally Enforceable If It Binds One Party, But Not The Other.  Also, If A Contract Is Based On Mutual Promises, The Promises Must Be Absolute.  Are The Employment Applications Contractually Binding Under Michigan Law?

**PLAINTIFFS' ANSWER:**       NO

III.  An Arbitration Agreement Is Invalid If It Binds One Party To Its Terms And Not The Other.  This Court Has Found This Arbitration Agreement Invalid Because Defendant FCA Maintains The Right To Modify All Or Parts Of The Agreement, At Any Time, And In Its Sole Discretion.  This Court Has Also Found This Agreement To Be Invalid Because Defendant Failed To Notify Its Employees That They Were Waiving Their Rights To A Judicial Form, And Submitting To Binding Arbitration Instead Of Non-Binding Arbitration.  Did Defendant Sufficiently Address This Honorable Court's Concerns So To Now Make Such Arbitration Provision Enforceable?

**PLAINTIFFS' ANSWER:**       NO

AKEEL & VALENTINE, PLC
888 W. BIG BEAVER ROAD ▪ SUITE 910 ▪ TROY, MICHIGAN 48084-4736 ▪ (248) 269-9595 ▪ (248) 269-4736 ▪ FAX: (248) 269-9119
www.akeelvalentine.com

AKEEL & VALENTINE, PLC
888 W. BIG BEAVER ROAD ▪ SUITE 910 ▪ TROY, MICHIGAN 48084-4736 ▪ (248) 269-4736 ▪ (248) 269-9595 ▪ FAX: (248) 269-9119
www.akeelvalentine.com

IV.  An Employee May Waive Her Rights To A Judicial Forum, Or Agree To Be Bound By A Shortened Statute Of Limitations, But Such Rights Need To Be Waived Or Agreed To Voluntarily, Knowingly, And Intelligently.  Further, An Employer Trying To Establish Waiver Of Such Rights, Must First Meet Its Burden In Establishing The Existence Of A Contract Sufficient To Bind The Employees.  Did Defendant Establish The Existence Of A Contract Sufficient To Demonstrate That Each Plaintiff Voluntarily, Willingly, And Knowingly Waived Certain Rights?

PLAINTIFFS' ANSWER:        NO

V.  A Statute Of Limitations Defense Is Not Appropriate For A Fed. R. Civ. P. 12(b)(6) Motion, Where It Is A Fact Intensive Analysis And Where The Plaintiffs Need Not Plead The Lack Of Affirmative Defenses.  A Claim Is Also Timely Where The Suit Is Filed Within A Contractually Agreed Period.  Even Where A Claim Is Raised Outside Of A Contractually Agreed Period, Equitable Tolling Principles And Continuing Violations Make Plaintiffs' Claims Timely.  Furthermore, By Continuing To Maintain A Discriminatory Practice Or Policy, Defendant Has Engaged In Continuing Statutory Violations, That Continue To Harm Plaintiffs Today.  Are Plaintiffs' Claims Timely?

PLAINTIFFS' ANSWER:        YES.

VI.  Complaints Are Notice Pleadings.  Plaintiffs Are Required To Demonstrate Enough Facts To Raise A Reasonable Expectation That Discovery Will Reveal Evidence Of Liability.  Defendant Seeks To Establish A Draconian Pleading Requirement.  Have Plaintiffs Sufficiently Pled A Prima Facie Case Of Disparate Impact Discrimination By Identifying A Specific Employment Practice That Presents Statistical Evidence Of An Adverse Impact On A Protected Group?

PLAINTIFFS' ANSWER:        YES.

VII.  Evaluations Are Employment Practices That Can Be Challenged As A Disparate Impact Violation.  Forced Rankings Are Evaluation Systems That Place Individuals On A Pre-Set Distribution Ranking

Compared To Other Individuals. Plaintiffs Identified Defendant's Calibration Process, Including The Forced Distribution Ranking, As The Causal Nexus Linking Defendant's Practices And The Resulting Disparate Impact. Have Plaintiffs Sufficiently Pled Disparate Impact Violations?

**PLAINTIFFS' ANSWER:**          YES.

VIII. A Plaintiff Establishes Standing By First Establishing The Existence Of A Practice Or Policy That Has A Disproportionate Effect On Members Belonging To A Certain Protected Class. Individualized Differences, And Particularities Regarding Each Individual Plaintiff Is Not Evaluated Until After The Initial Liability Stage Is Established (Which Is Typically Established Through Discovery). Did Plaintiffs Plead Sufficient Factual Allegations To Demonstrate It Plausible That Defendant Maintains A Practice Or Policy That Has A Disproportionate Effect On Members Belonging To Plaintiff Class, So To Allow Plaintiff Class To Proceed Past A Motion To Dismiss?

**PLAINTIFFS' ANSWER:**          YES.

AKEEL & VALENTINE, PLC
TROY, MICHIGAN 48084-4736 ▪ (248) 269-9595 ▪ FAX: (248) 269-9119
888 W. BIG BEAVER ROAD ▪ SUITE 910 ▪
www.akeelvalentine.com

# TABLE OF AUTHORITIES

## Cases

*Adams v. Lucent Techs., Inc.,*
  284 F. App'x 296 (6th Cir. 2008) ................................................................ 1

*Albemarle Paper Co. v. Moody,*
  422 U.S. 405 (1975) .............................................................................. 22

*Allen v. Andersen Windows, Inc.,*
  913 F.Supp.2d 490 (S.D.Ohio 2012) ............................................................ 5

*Alonso v. Huron Valley Ambulance Inc.,*
  375 F. App'x 487 (6th Cir. 2010) ............................................................. 13

*American Express Co. v. Italian Colors Restaurant,*
  133 S. Ct. 2304 (2013) ........................................................................... 7

*Ansoumana v. Gristede's Operating Corp.,*
  201 F.R.D 81 (2001). ............................................................................ 34

*AT&T Mobility, LLC v. Concepcion,*
  563 U.S. 333 (2011) .............................................................................. 7

*Bacon v. Honda of Am. Mfg., Inc.,*
  370 F.3d 565 (6th Cir. 2004) ............................................................. 22, 35

*Bank v. Pitt,*
  928 F.2d 1108 (11th Cir.1991) ................................................................ 40

*Barnes v. GenCorp Inc.,*
  896 F.2d 1457 (6th Cir.1990) ................................................................. 37

*Beltran-Benitez v. Sea Safari, Ltd.,*
  180 F. Supp. 2d 772 (E.D.N.C. 2001) ........................................................ 33

*Bondurant v. Air Line Pilots Ass'n,*
  718 F. Supp. 2d 836 (E.D. Mich. 2010) .................................................. 21, 36

*Brady v. Nat'l Football League,*
  644 F.3d 661 (8th Cir. 2011) ................................................................... 8

*Breeden v. Benchmark Lending Group, Inc.,*
  229 F.R.D. 623 (N.D. Cal. 2005) ............................................................. 32

*Brickey v. Dolencorp, Inc.,*
  244 F.R.D. 176 (W.D.N.Y 2007) .............................................................. 34

AKEEL & VALENTINE, PLC
888 W. BIG BEAVER ROAD ▪ SUITE 910 ▪ TROY, MICHIGAN 48084-4736 ▪ (248) 269-9595 ▪ FAX: (248) 269-9119
www.akeelvalentine.com

AKEEL & VALENTINE, PLC
888 W. BIG BEAVER ROAD ▪ SUITE 910 ▪ TROY, MICHIGAN 48084-4736 ▪ (248) 269-9595 ▪ (248) 269-9119 ▪ FAX: (248) 269-9119
www.akeelvalentine.com

*Casillas v. Fed. Exp. Corp.,*
  140 F. Supp. 2d 875 (W.D. Tenn. 2001)............................................3, 19, 20

*Chan v. Triple 8 Palace,*
  2004 WL 1161299 (S.D.N.Y. May 20, 2004)....................................................33

*Comer v. Wal-Mart Stores, Inc.,*
  454 F.3d 544 (2006)............................................................................................31

*Dallas v. Alcatel-Lucent USA, Inc.,*
  No. 09-14596, 2012 WL 424878 (E.D. Mich. Feb. 9, 2012).................20, 27, 29

*Debro v. French,*
  2017 WL 927622.................................................................................................12

*Directv, Inc. v. Treesh,*
  487 F.3d 471 (6th Cir. 2007)...............................................................................2

*EEOC v. McCall Printing Corp.,*
  633 F.2d 1232 (6th Cir.1980)............................................................................20

*EEOC v. Ohio Edison Co.,*
  7 F.3d 541 (6th Cir.1993)...................................................................................39

*Faktor v. Lifestyle Lift,*
  No. 1:09-CV-511, 2009 WL 1565954 (N.D. Ohio June 3, 2009) ....................5, 6

*Gaffers v. Kelly Services, Inc.,*
  203 F.Supp.3d 829 (2016)....................................................................................8

*Gilmer v. Interstate/Johnson Lane Corp.,*
  500 U.S. 20 (1991) ...............................................................................................7

*Godfrey v. Chelan County PUD,*
  2007 WL 2327582 (E.D. Wash. Aug. 10, 2007) ...............................................32

*Griggs v. Duke Power Co.,*
  401 U.S. 424 (U.S. 1971)................................................................................22, 23

*Haithcock v. Frank,*
  958 F.2d 671 (6th Cir.1992)..............................................................................20

*Hayduk v. Lanna,*
  775 F.2d 441 (1st Cir.1985) ..............................................................................40

*High v. Capital Senior Living Properties 2-Heatherwood, Inc.,*
  594 F.Supp.2d 789 (ED Mich. 2008)..............................................................17, 18

*Iglesias-Mendoza v. La Belle Farm, Inc.,*
  239 F.R.D 363 (2007). ......................................................................................33, 34

*In re Allstate Ins. Co. Underwriting & Rating Practices Litig.*,
    917 F.Supp.2d 740 (M.D.Tenn.2008) ....................................................... 6

*In re Cast Iron Soil Pipe And Fittings Antitrust Litig.*,
    No. 1:14-MD-2508, 2015 WL 5166014 (E.D. Tenn. June 24, 2015) .................... 6

*Int'l Bhd. of Teamsters v. United States*,
    431 U.S. 324 ................................................................................. 38, 39

*Isabel v. City of Memphis*,
    404 F.3d 404 (6th Cir. 2005) ................................................................ 22

*Jimenez v. Allstate Indem. Co.*,
    No. 07-CV-14494, 2010 WL 3623176 (E.D. Mich. Sept. 15, 2010) .................... 5

*Jones v. Pepsi-Cola Metro. Bottling Co.*,
    871 F. Supp. 305 (E.D. Mich. 1994) .................................................. 23, 28

*KMC Co. v. Irving Trust Co.*,
    757 F.2d 752 (6th Cir.1985) ................................................................ 12

*Korman v. Walking Co.*,
    503 F.Supp.2d 755 (E.D.Pa.2007) ........................................................... 5

*Ladegaard v. Hard Rock Concrete Cutters, Inc*,
    2000 WL 1774091 (N.D. Ill. Nov. 30, 2000) ............................................. 33

*Lee v. Red Lobster Inns of Am., Inc.*,
    92 F. App'x 158 (6th Cir. 2004) ....................................................... 14, 15

*Legrand v. Intellicorp Records, Inc.*,
    No. 1: 15 CV 2091, 2016 WL 1161817 (N.D. Ohio Mar. 24, 2016) ............... 6, 35

*Marquis v. Tecumseh Prod. Co.*,
    206 F.R.D. 132 (E.D. Mich. 2002) ......................................................... 21

*Mazzola v. Roomster Corp.*,
    849 F.Supp.2d 395 (S.D.N.Y.2012) .......................................................... 4

*McCabe v. Champion Int'l Corp.*,
    916 F.2d 713 (6th Cir. 1990) ............................................................... 35

*McCorstin v. U.S. Steel Corp.*,
    621 F.2d 749 (5th Cir.1980) ................................................................ 36

*McGill v. Meijer, Inc.*,
    2011 WL 1166895 ............................................................................. 12

*McLaughlin v. Liberty Mut. Ins. Co.*,
    224 F.R.D. 304 (D. Mass. 2004) ............................................................ 32

AKEEL & VALENTINE, PLC
888 W. BIG BEAVER ROAD ▪ SUITE 910 ▪ TROY, MICHIGAN 48084-4736 ▪ (248) 269-9595 ▪ (248) 269-9119 ▪ FAX: (248) 269-9119
www.akeelvalentine.com

AKEEL & VALENTINE, PLC
888 W. BIG BEAVER ROAD ▪ SUITE 910 ▪ TROY, MICHIGAN 48084-4736 ▪ (248) 269-9595 ▪ (248) 269-9119 ▪ FAX: (248) 269-9119
www.akeelvalentine.com

*Mills v. St. John Health,*
No. 319282, 2015 WL 3540539 (Mich. Ct. App. June 4, 2015) ........................ 28

*Mims v. Elec. Data Sys. Corp. (EDS),*
975 F. Supp. 1010 (E.D. Mich. 1997)...........................................................24, 26

*Moore v. Sears, Roebuck and Co.,*
464 F.Supp. 357 (N.D.Ga.1979) ................................................................... 37

*Morelock v. NCR Corp.,*
586 F.2d 1096 (6th Cir.1978)......................................................................... 19

*Morrison v. Circuit City Stores, Inc.,*
317 F.3d 646 (6th Cir.2003)..................................................................... 12, 13

*Nat'l Labor Relations Bd. v. Alternative Entm't, Inc.,*
858 F.3d 393 (6th Cir. 2017)..........................................................7, 8, 9, 10

*Nelson v. Cyprus Bagdad Copper Corp.,*
119 F.3d 756 (9th Cir.1997)......................................................................... 15

*Nowacki v. Dep't of Corr.,*
No. 315969, 2014 WL 4088041 (Mich. Ct. App. Aug. 19, 2014).....................28

*Ohio Nat. Life Ins. Co. v. United States,*
922 F.2d 320 (6th Cir. 1990).......................................................................... 3

*Olivo v. GMAC Mortg. Corp.,*
374 F. Supp. 2d 545 (E.D. Mich. 2004).....................................................29, 30

*Operating Engineers Local 324 Health Care Plan v. G & W Const. Co.,*
783 F.3d 1045 (6th Cir. 2015)....................................................................... 4

*O'Brien v. Encotech Constr. Servs., Inc.,*
203 F.R.D. 346 (N.D. Ill. 2001) ................................................................... 33

*Phillips v. Cohen,*
400 F.3d 388 (6th Cir.2005)....................................................................22, 38

*Ramirez v. RDO-BOS Farms, LLC,*
2007 WL 273604 (D. Or. Jan. 23, 2007) ...................................................... 32

*Ricci v. DeStefano,*
557 U.S. 557, (2009) ...............................................................................21, 24

*Romero v. Producers Dairy Foods,*
235 F.R.D. 474 (E.D. Cal. 2006) ................................................................ 32

*Sauter v. CVS Pharmacy, Inc.,*
No. 2:13–CV–846, 2014 WL 1814076 (S.D.Ohio May 7, 2014).............. 5, 28, 29

AKEEL & VALENTINE, PLC
TROY, MICHIGAN 48084-4736 ▪ (248) 269-9595 ▪ (248) 269-9119 ▪ FAX: (248) 269-9119
www.akeelvalentine.com
888 W. BIG BEAVER ROAD ▪ SUITE 910

*Scales v. J.C. Bradford & Co.*,
  925 F.2d 901 (6th Cir. 1991)...................................................... 26

*Schechner v. KPIX-TV*,
  No. C 08-05049 MHP, 2011 WL 109144 (N.D. Cal. Jan. 13, 2011)................... 36

*Scott v. Aetna Servs., Inc.*,
  210 F.R.D. 261 (D. Conn. 2002)................................................. 33

*Smith v. City of Jackson, Miss.*,
  544 U.S. 228 (2005)............................................................ 22

*SolarCity Corp.*,
  363 N.L.R.B. 83, 2015 WL 9315535 (Dec. 22, 2015)............................. 8, 9, 11

*Texas Dep't of Hous. & Cmty. Affairs v. Inclusive Communities Project, Inc.*,
  135 S. Ct. 2507 (2015)......................................................... 25

*Trotter v. Perdue Farms, Inc.*,
  2001 WL 1002448 (D. Del. Aug. 16, 2001) ...................................... 33

*U.S. ex rel. Bledsoe v. Cmty. Health Sys., Inc.*,
  342 F.3d 634 (6th Cir. 2003)................................................... 40

*United States v. City of Warren, Mich.*,
  138 F.3d 1083 (6th Cir. 1998).................................................. 24, 25

*United States v. Ritchie*,
  15 F.3d 592 (6th Cir. 1994).................................................... 3

*Walker v. Ryan's Family Steak Houses, Inc.*,
  400 F.3d 370 (6th Cir. 2005)................................................... 12, 13

*Watson v. Fuller Brush Co.*,
  570 F. Supp. 1299 (W.D. Mich. 1983)......................................... 3, 23, 24, 26, 27

*Weathers v. Peters Realty Corp.*,
  499 F.2d 1197 (6th Cir. 1974).................................................. 6

*Westerfield v. Washington Mutual Bank*,
  2007 WL 2162989 (E.D.N.Y. 2007)............................................... 33

*White v. MPW Indus. Servs. Inc.*,
  236 F.R.D. 363 (E.D.Tenn.2006)................................................. 31

*Williams v. Tennessee Valley Auth.*,
  552 F.2d 691 (6th Cir. 1977)................................................... 36

*Windsor v. The Tennessean*,
  719 F.2d 155 (6th Cir. 1983)................................................... 2

*Wlotkowski v. Michigan Bell Tel. Co.*,
   267 F.R.D. 213 (E.D. Mich. 2010).................................................................30, 31
*Young v. Nationwide Mut. Ins. Co.*,
   693 F.3d 532 (6th Cir. 2012)...................................................................................35

## Statutes

28 U.S.C. § 1367(a) ....................................................................................................28
29 U.S.C. § 216(b) (1994) ..........................................................................................29
29 U.S.C. § 626(b) ......................................................................................................29
42 U.S.C.A. § 2000e ...................................................................................................38
9 U.S.C. § 2 .........................................................................................................10, 14

## Rules

Fed. R. Civ. P. 12(b)(1), 12(b)(6), 12(f), and 23(d)(1)(D)..........................................2
Fed. R. Civ. P. 12(b)(6) ..................................................................................vii, 2, 3, 21
Fed.R.Civ.P. 12(e) .......................................................................................................3
Rule 12(b)(1) ................................................................................................................3
Rule 12(f) .....................................................................................................................4
Rule 23 of the Federal Rules of Civil Procedure ...................................29, 32, 33, 34
Rule 23(d)(1)(D)........................................................................................................4, 5

AKEEL & VALENTINE, PLC
888 W. BIG BEAVER ROAD ▪ SUITE 910 ▪ TROY, MICHIGAN 48084-4736 ▪ (248) 269-9595 ▪ (248) 269-4736 ▪ FAX: (248) 269-9119
www.akeelvalentine.com

# INTRODUCTION

As this Honorable Court is aware, there are two pending class action lawsuits against Defendant before this Court. Both class actions stem from the findings of a former Human Resources Manager regarding the disparate impact in performance rating scores affecting two groups, 1) employees 55 and older, and 2) African Americans employees.[1]  Defendant has filed two nearly identical motions to compel, dismiss, and/or strike for each class action lawsuit.  This response is necessary in order to address Defendant's continued blatant mischaracterizations of the claims that are asserted against it.

Although seemingly unclear to Defendant, both class action lawsuits challenge the second phase of Defendant's employee evaluation process (the "Calibration Process") as the "specific, identifiable employment practice or policy that caused a significant disparate impact on employees" belonging to certain protected classes. *Adams v. Lucent Techs., Inc.*, 284 F. App'x 296, 303 (6th Cir. 2008).

Defendant's instant motion contains deficiencies that are exceptionally clear and will be addressed below.  Further, in the interest of judicial efficiency, and to avoid unnecessary repetition regarding identical issues, Plaintiffs, also, reference

---

[1] Currently pending as *Williams et. al v FCA*, Case No. 17-007518 ("*Williams' Matter*")

1

the previously submitted brief in the *Williams' Matter* regarding certain repeated legal arguments made in this instant motion. (*Williams' Matter,* Dkt. 25).[2]  For the reasons discussed below, Defendant's motion should be denied.

## STANDARD OF REVIEW

Defendant's motion is brought pursuant to Fed. R. Civ. P. 12(b)(1), 12(b)(6), 12(f), and 23(d)(1)(D).  The standards for each are briefly provided below.

"In deciding a motion to dismiss under Rule 12(b)(6), the Court will construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff." *Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007) (citation omitted).

"The claim should not be dismissed unless it appears beyond doubt that plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Windsor v. The Tennessean*, 719 F.2d 155, 158 (6th Cir. 1983) (citations and quotations omitted).  "As the Sixth Circuit has stated, case[s] brought under the Civil Rights Act should not be dismissed at the pleading stage unless it appears to a certainty that the plaintiff would be entitled to no relief under any state of facts which could be proved in support of [the] claim.  To this end, motions to dismiss

---

[2] For clarification purposes, when citing to the docket in the *Williams' Matter*, the letters "Dkt." will be preceded by "*Williams' Matter*".  Otherwise, citations to "Dkt." will indicate the citation to the docket in this instant matter.

2

AKEEL & VALENTINE, PLC
888 W. BIG BEAVER ROAD ■ SUITE 910 ■ TROY, MICHIGAN 48084-4736 ■ (248) 269-9595 ■ FAX: (248) 269-9119
www.akeelvalentine.com

AKEEL & VALENTINE, PLC
888 W. BIG BEAVER ROAD ▪ SUITE 910 ▪ TROY, MICHIGAN 48084-4736 ▪ (248) 269-9595 ▪ FAX: (248) 269-9119
www.akeelvalentine.com

complaints under the civil rights acts are scrutinized with special care." *Watson v. Fuller Brush Co.*, 570 F. Supp. 1299, 1300 (W.D. Mich. 1983) (citations and quotations omitted).

"To determine whether a motion to dismiss should be granted, the court must first examine the complaint…The complaint must provide the defendant with fair notice of what the plaintiff's claim is and the grounds upon which it rests. The complaint need not specify all the particularities of the claim, and if the complaint is merely vague or ambiguous, a motion under Fed.R.Civ.P. 12(e) for a more definite statement is the proper avenue rather than under Fed.R.Civ.P. 12(b)(6). The plaintiff, however, has an obligation to allege the essential material facts of the case. All facts taken as true in the complaint must be 'well-pleaded.' 'Well-pleaded facts' refers to those facts which are legally capable of being proved." *Casillas v. Fed. Exp. Corp.*, 140 F. Supp. 2d 875, 880–81 (W.D. Tenn. 2001) (citations and quotations omitted).

"Rule 12(b)(1) motions to dismiss based upon subject matter jurisdiction generally come in two varieties." *Ohio Nat. Life Ins. Co. v. United States*, 922 F.2d 320, 325 (6th Cir. 1990). That being, a facial attack or a factual attack. *Id.* A facial attack questions the sufficiency of the pleading, while a factual attack questions the factual existence of subject matter jurisdiction. *United States v. Ritchie*, 15 F.3d 592, 598 (6th Cir. 1994). Because Defendant's 12(b)(1) motion

AKEEL & VALENTINE, PLC
888 W. BIG BEAVER ROAD ▪ SUITE 910 ▪ TROY, MICHIGAN 48084-4736 ▪ (248) 269-9595 ▪ FAX: (248) 269-9119
www.akeelvalentine.com

can be characterized as a factual attack, the district court must "weigh the conflicting evidence to arrive at the factual predicate that subject matter jurisdiction exists or does not exist...a trial court has wide discretion to allow affidavits, documents and even limited evidentiary hearing to resolve disputed jurisdictional facts." *United States.,* supra. Because Defendant's 12(b)(1) motion can also be characterized as a facial attack, the court must apply the standard applicable to a 12(b)(6) motion.

"Rule 12(f) allows a court to strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter. Motions to strike are viewed with disfavor and are not frequently granted." *Operating Engineers Local 324 Health Care Plan v. G & W Const. Co.,* 783 F.3d 1045, 1050 (6th Cir. 2015) (citations and quotations omitted).

"[A] motion to strike class actions ... is even more disfavored because it requires a reviewing court to preemptively terminate the class aspects of...litigation...before plaintiffs are permitted to complete the discovery to which they would otherwise be entitled on questions relevant to class certification." *Mazzola v. Roomster Corp.,* 849 F.Supp.2d 395, 410 (S.D.N.Y.2012)

As noted by this Honorable Court, "[a] motion to strike class allegations under [Rule 23(d)(1)(D)] seems, for all practical purposes, identical to an

AKEEL & VALENTINE, PLC
888 W. BIG BEAVER ROAD ▪ SUITE 910 ▪ TROY, MICHIGAN 48084-4736 ▪ (248) 269-9595 ▪ FAX: (248) 269-9119
www.akeelvalentine.com

opposition to a motion for class certification." *Jimenez v. Allstate Indem. Co.*, No. 07-CV-14494, 2010 WL 3623176, at *3 (E.D. Mich. Sept. 15, 2010), on reconsideration in part, 765 F. Supp. 2d 986 (E.D. Mich. 2011) (quoting *Korman v. Walking Co.*, 503 F.Supp.2d 755, 762 (E.D.Pa.2007).

"A Rule 23(d)(1)(D) order to strike class allegations is appropriate only after the court rules that class treatment is improper-such as after the court denies class certification…Rule 23(d)(1)(D) is procedurally inseparable from subdivision (c)(1)(A)…An order under Rule 23(d)(1)(D) is used after the class determination under Rule (c)(1)(A)." *Faktor v. Lifestyle Lift*, No. 1:09-CV-511, 2009 WL 1565954, at *1–2 (N.D. Ohio June 3, 2009) (citations and quotations omitted).

However, "courts should exercise caution when striking class action allegations based solely on the pleadings, because class determination generally involves considerations that are enmeshed in the factual and legal issues comprising the plaintiff's cause of action." *Sauter v. CVS Pharmacy, Inc.*, No. 2:13–CV–846, 2014 WL 1814076, at *2 (S.D.Ohio May 7, 2014). "Before ruling on class certification this Court must conduct a 'rigorous analysis.' A motion to strike class allegations is not a substitute for class determination and should not be used in the same way." *Faktor v. Lifestyle Lift*, No. 1:09-CV-511, 2009 WL 1565954, at *2 (N.D. Ohio June 3, 2009) (citations and quotations omitted); *Allen v. Andersen Windows, Inc.*, 913 F.Supp.2d 490, 516 (S.D.Ohio 2012) (declining to

AKEEL & VALENTINE, PLC
888 W. BIG BEAVER ROAD ▪ SUITE 910 ▪ TROY, MICHIGAN 48084-4736 ▪ (248) 269-9595 ▪ FAX: (248) 269-9119
www.akeelvalentine.com

strike class allegations at the pleading stage, deeming it prudent to evaluate plaintiff's putative class after class certification briefing); *Faktor v. Lifestyle Lift*, No. 1:09–CV–511, 2009 WL 1565954, at *2 (N.D.Ohio June 3, 2009) (finding that defendant's arguments about class certification premature where they were made prior to the parties' first case management conference in part because courts must have time to conduct a rigorous analysis before ruling on class certification).

"Additionally, this determination ordinarily should be predicated on more information than the pleadings will provide." *In re Cast Iron Soil Pipe And Fittings Antitrust Litig.*, No. 1:14-MD-2508, 2015 WL 5166014, at *41 (E.D. Tenn. June 24, 2015) *In re Allstate Ins. Co. Underwriting & Rating Practices Litig.*, 917 F.Supp.2d 740, 751 (M.D.Tenn.2008) ("the plaintiffs are entitled, based on their showing to this point, to develop this case and seek class certification based on developments in discovery.")

"Generally the courts within the Sixth Circuit recommend a district court should defer its decision on class certification until after discovery... [S]triking a plaintiff's class allegations prior to discovery and a motion for class certification is a rare remedy." *Legrand v. Intellicorp Records, Inc.*, No. 1: 15 CV 2091, 2016 WL 1161817, at *2 (N.D. Ohio Mar. 24, 2016) (citing *Weathers v. Peters Realty Corp.*, 499 F.2d 1197, 1200 (6th Cir. 1974) (citations and quotations omitted).

AKEEL & VALENTINE, PLC
888 W. BIG BEAVER ROAD ▪ SUITE 910 ▪ TROY, MICHIGAN 48084-4736 ▪ (248) 269-9595 ▪ FAX: (248) 269-9119
www.akeelvalentine.com

## ARGUMENT

I.    **PURSUANT TO RECENTLY PUBLISHED SIXTH CIRCUIT LAW, DEFENDANT FCA'S ARBITRATION PROVISION IS ILLEGAL AND UNENFORCEABLE UNDER NLRA AND FAA.**

Defendant represents that "[a]ll Plaintiffs entered into a written and binding arbitration agreement…" and therefore this Court must compel arbitration on an individual basis. (Dkt. 17, Pg 97). In support of this argument, Defendant relies on *AT&T Mobility, LLC v. Concepcion*, 563 U.S. 333 (2011), *American Express Co. v. Italian Colors Restaurant,* 133 S. Ct. 2304 (2013), and *Gilmer v. Interstate/Johnson Lane Corp.,* 500 U.S. 20 (1991). As recently ruled by the Sixth Circuit, only a few months ago, "[n]one of these cases, nor any other Supreme Court case" supports the conclusion that Defendant's arbitration provision is legally enforceable. *Nat'l Labor Relations Bd. v. Alternative Entm't, Inc.*, 858 F.3d 393, 405 (6th Cir. 2017).[3]

In fact, on May 26, 2017 (while this matter has been pending), the Sixth Circuit issued a published opinion admonishing an arbitration provision which contained language nearly identical to the provision being advocated for by Defendant. *Id.* Specifically, this Circuit "join[ed] the Seventh and Ninth Circuits

---

[3] As the Sixth Circuit explained, those cases examined whether mandatory arbitration was "in tension with the underlying policy of a federal statute [i.e. the ADEA]." However, "[e]xplicitly illegal arbitration provisions trigger the FAA's saving clause, and "[a]rbitration provisions that are illegal under the explicit and generally applicable terms of a federal statute" cannot be enforced. *Id.* at 407.

7

in holding that an arbitration provision requiring employees…individually to arbitrate all employment-related claims is not enforceable." *Id.* at 408.    Rather, "[m]andatory arbitration provisions that permit only individual arbitration of employment-related claims are illegal pursuant to the NLRA and unenforceable pursuant to the FAA's saving clause." *Id.*

Consistent with the Court's holding, Defendant's arbitration provision "implicates two federal statutes, the Federal Arbitration Act and the National Labor Relations Act."[4]  *Id.* at 400.  As stated, "[t]he two statutes do not conflict" and therefore must be applied in conjunction with one another. *Id.* at 402.

As the Court stated,

> [Under] [s]ection 7 of the National Labor Relations Act…Employees shall have the right…to engage in other concerted activities for the purpose of collective bargaining or other mutual aid or protection…This right encompasses the right to collectively resort to administrative and judicial forums…*Brady v. Nat'l Football League*, 644 F.3d 661, 673 (8th Cir. 2011) ("[A] lawsuit filed in good faith by a group of employees to achieve more favorable terms or conditions of employment is 'concerted activity' under § 7 of the National Labor Relations Act."); *SolarCity Corp.*, 363 N.L.R.B. 83, 2015 WL 9315535, at *2 (Dec. 22, 2015) ("This protection has long been held to encompass the right of employees to join together to improve their terms and conditions of employment through litigation. Accordingly, an employer violates Section 8(a)(1) by compelling employees, as a

---

[4] As also held by this Honorable Court, Defendant's arbitration provision is also illegal and unenforceable under the FLSA. *Gaffers v. Kelly Services, Inc.*, 203 F.Supp.3d 829, 842 (2016).

8

AKEEL & VALENTINE, PLC
888 W. BIG BEAVER ROAD ▪ SUITE 910 ▪ TROY, MICHIGAN 48084-4736 ▪ (248) 269-9595 ▪ FAX: (248) 269-9119
www.akeelvalentine.com

condition of employment, to waive their right to 'collectively pursue litigation of employment claims in all forums, arbitral and judicial.'")

*Id.* at 403 (citations and quotations omitted).

"The Supreme Court has held that the right to concerted activity is fundamental. The Court has also found that an employment contract that discourage[s], a discharged employee from challenging his discharge through a labor organization or his chosen representatives, or in any way except personally, violates the NLRA." *Id.* at 404 (citations and quotations omitted).

Defendant argues that all of its employees are contractually bound by its arbitration provision, however, "contracts ... stipulat[ing] ... the renunciation by the employees of rights guaranteed by the [NLRA] are a continuing means of thwarting the policy of the Act, and are therefore unenforceable under the NLRA." *Id.* (quotations omitted). In other words, "by maintaining a company policy requiring employees to agree that disputes '*relating to ... employment with the company*' must be resolved '*exclusively through binding arbitration*' and further agreeing that '*a claim may not be arbitrated as a class action, also called 'representative' or 'collective' actions' or 'otherwise be consolidated or joined*

AKEEL & VALENTINE, PLC
888 W. BIG BEAVER ROAD ▪ SUITE 910 ▪ TROY, MICHIGAN 48084-4736 ▪ (248) 269-9595 ▪ (248) 269-4736 ▪ FAX: (248) 269-9119
www.akeelvalentine.com

AKEEL & VALENTINE, PLC
888 W. BIG BEAVER ROAD ▪ SUITE 910 ▪ TROY, MICHIGAN 48084-4736 ▪ (248) 269-9595 ▪ FAX: (248) 269-9119
www.akeelvalentine.com

*with the claims of others*'", Defendant FCA violated the NLRA rendering its arbitration agreement illegal under Federal Law.[5] *Id.* at 401.

Furthermore, the Court also held that such a provision is also unenforceable under the FAA. "According to the FAA's saving clause, because any contract that attempts to undermine employees' right to engage in concerted legal activity is unenforceable, an arbitration provision that attempts to eliminate employees' right to engage in concerted legal activity is unenforceable." *Id.* at 403.    In fact, the "FAA's saving clause addresses precisely the scenario before us…because—as Congress established—an arbitration provision that runs afoul of any 'grounds as exist at law or in equity for the revocation of any contract' is unenforceable." *Id.* at 406 (quoting 9 U.S.C. § 2).

Pursuant to binding Sixth Circuit precedent, Defendant FCA maintains an illegal and unenforceable arbitration provision, and for that reason alone, Defendant's motions to compel arbitration, and to strike class allegations should be denied.

---

[5] It is anticipated that Defendant will attempt to argue that every single member of Plaintiffs Class is a supervisor and therefore the NLRA does not apply to them. This is also meritless and premature at the pleading stage. It should be noted that the evidentiary burden is on the employer to prove that each class representative is considered a "supervisor" as narrowly defined under the NLRA. (For example, see **Ex. D** where the NLRB found after review of testimony obtained during discovery that even a Sea Captains does not to fit the narrow definition of a "supervisor").

10

AKEEL & VALENTINE, PLC
888 W. BIG BEAVER ROAD ▪ SUITE 910 ▪ TROY, MICHIGAN 48084-4736 ▪ (248) 269-9595 ▪ FAX: (248) 269-9119
www.akeelvalentine.com

**A. Even if Defendant Maintained a Legally Enforceable Arbitration Provision (Which it Does Not), None of the Named Plaintiffs Are Contractually Bound to It Under Michigan law.**

In this case, Defendant argues that somehow "*[a]ll* [five] Plaintiffs entered into a written and binding arbitration agreement..." (emphasis added) (Dkt. 17, Pg 97). In support of this, Defendant attached four employment applications belonging to four of the five named Plaintiffs. (Dkt. 17-2, Pg 149-156). The fifth application belonging to Plaintiff, Rodrigo Bravo, has allegedly been lost by Defendant (Dkt. 17-2, Pg 145). A simple review of the four attached applications will demonstrate that Defendant's above-referenced statement is without merit and grossly misleading.

First, only one of the named Plaintiffs (Glenn Lukas) signed an application that even mentions the EDRP and exclusive arbitration for "many employment-related claims". (*Id.* at Pg 150). The application also states that "In consideration of the review of my application" Plaintiff will be bound to a six month statute of limitations for "any claim or lawsuit arising out of my employment with **or my application for employment with**" Defendant. (*Id.*). This application is similar to the applications discussed in the undersigned's *Williams' Matter*, and therefore, in the interest of judicial efficiency and to avoid unnecessary repetition, Plaintiffs will rely on the arguments previously asserted to demonstrate why such an application cannot be considered contractually enforceable under Michigan Law –

11

as one reason being that there is no mutuality of obligation. (*Williams' Matter,* Dkt. 25, Pg 483-493).

## B. Plaintiffs (Cerjanec, Modlin, and Winfrey) Did Not Knowingly, Intelligently, or Willingly Waive Their Rights

Second, as to Plaintiffs Cerjanec, Modlin, and Winfrey, it is undisputed that they were *never* presented with a written agreement to exclusive and binding arbitration, or an agreement to a shortened 180-day statute of limitations.[6]    (Dkt. 17-2, Pg 151-156).   Rather, Defendant argues that these Plaintiffs are bound to exclusive and binding arbitration because Plaintiffs, merely, continued to work for Defendant after the alleged implementation of the EDRP.   (Dkt. 17, Pg 109). However, the two cases Defendant cites to support this contention, *Debro v. French,* 2017 WL 927622 and *McGill v. Meijer, Inc.,* 2011 WL 1166895, either involve employees who were hired post-implementation of the relevant policies or who expressly agreed to the policy.

---

[6] As stated, Defendant also claims it "has not been able to locate Plaintiff Bravo's application for employment" but "he would not have been hired without submitting an application for employment." (Dkt. 17-2, Pg 145).  This sworn to assertion made by Defendant's Dorothy Williams (without even actual personal knowledge that she saw Bravo sign anything) is questionable and presents issues of fact. As stated in the *Williams Matter,* at least one employee (Antoine Porter) was hired without signing an application for employment. (*Williams' Matter,* Dkt 25, Pg 480).  Therefore, Defendant fails to meet its burden in demonstrating the existence of a contract sufficient to bind Plaintiff Bravo to arbitration, the EDRP, or the 180-day limitation.

12

AKEEL & VALENTINE, PLC
888 W. BIG BEAVER ROAD ▪ SUITE 910 ▪ TROY, MICHIGAN 48084-4736 ▪ (248) 269-9595 ▪ (248) 269-9119 ▪ FAX: (248) 269-9119
www.akeelvalentine.com

Further, as held by the Sixth Circuit, a party "to a contract may by prior written agreement waive the right to jury trial *as long as the waiver is knowing and voluntary*." *Walker v. Ryan's Family Steak Houses, Inc.*, 400 F.3d 370, 381 (6th Cir. 2005) (citing *KMC Co. v. Irving Trust Co.*, 757 F.2d 752 (6th Cir.1985)) (emphasis added). Further, "the en banc Court in *Morrison v. Circuit City Stores, Inc.*, 317 F.3d 646, 668 (6th Cir.2003) (en banc ) clearly adopted the knowing and voluntary standard for agreements to arbitrate in lieu of litigation." *Walker*, supra.

Even though the employees in *Walker* (in order to be employed) signed documents agreeing to exclusive arbitration, the Sixth Circuit still found that the employees did not knowingly and voluntarily waive their right to a judicial forum because, among other reasons, 1) the arbitration provision was not verbally brought to the employees' attentions, 2) the employees did not have the opportunity to withdraw their consent within a certain time period, 3) the employees were not able to consult an attorney, or spend time reviewing the arbitration provision prior to agreeing to it, and 4) the agreement lacked legal consideration because the "promise to consider only applicants who have agreed to arbitrate is illusory" rendering the agreement invalid and unenforceable. *Id.*

Here, Defendant argues that because Plaintiffs' applications stated that "I agree to comply with all [Defendant's] orders, rules, and regulations" Plaintiffs are

AKEEL & VALENTINE, PLC
888 W. BIG BEAVER ROAD ▪ SUITE 910 ▪ TROY, MICHIGAN 48084-4736 ▪ (248) 269-9595 ▪ FAX: (248) 269-9119
www.akeelvalentine.com

AKEEL & VALENTINE, PLC
888 W. BIG BEAVER ROAD ▪ SUITE 910 ▪ TROY, MICHIGAN 48084-4736 ▪ (248) 269-9595 ▪ FAX: (248) 269-9119
www.akeelvalentine.com

bound to the EDRP, exclusive and binding arbitration, and a 180-day statute of limitation – all of which were allegedly implemented on a company-wide basis at some later time. (Dkt. 17, Pg 110). As held, because Plaintiffs did not knowingly, intelligently, and voluntarily waive their rights to a judicial forum, Defendant cannot now attempt to strip them of those rights. *Alonso v. Huron Valley Ambulance Inc.*, 375 F. App'x 487, 494 (6th Cir. 2010) (holding that a 180-day shortened statute of limitations was not enforceable for that same reason).

## C. Plaintiffs Cerjanec, Modlin, Winfrey, and Bravo Did Not Accept Defendant's Offer to Arbitrate

Additionally, and for further guidance, the Sixth Circuit has also held in an unpublished decision (in the context of employment at-will) that an employer cannot unilaterally bind an employee to an arbitration agreement without the employee's assent. *Lee v. Red Lobster Inns of Am., Inc.*, 92 F. App'x 158 (6th Cir. 2004). "For an arbitration agreement to be binding, it must be an agreement, not merely a company policy. Moreover, pursuant to the FAA, the agreement must be in writing. 9 U.S.C. § 2." *Lee,* 92 F. App'x at 161. Defendant's argument that Plaintiffs' continued employment manifested their assent to be bound was also rejected in *Lee*:

> "The flaw in the district court's analysis is that it places the burden on
> the employee to repeatedly object to a company's unilaterally adopted
> arbitration policy or risk being found to have agreed to it. This is not

how contracts are formed. The mere receipt of an unsolicited offer does not impair the offeree's freedom of action or inaction or impose on him any duty to speak."

*Id.* at 162 (citations and quotations omitted).

The Court further stated,

> "In considering a similar situation, the Ninth Circuit persuasively reasoned:
>
>> Nothing in either the acknowledgment form or the Handbook itself put [the employee] on notice that by not quitting his job he was somehow entering into an agreement to waive a specific statutory remedy afforded him by a civil rights statute. Any bargain to waive the right to a judicial forum for civil rights claims…in exchange for employment or continued employment must at the least be express: the choice must be explicitly presented to the employee and the employee must explicitly agree to waive the specific right in question.

*Id.* at 163; (quoting *Nelson v. Cyprus Bagdad Copper Corp.*, 119 F.3d 756, 762 (9th Cir.1997) (holding that the unilateral promulgation of an arbitration policy by an employer does not constitute an arbitration agreement)).

### D. Defendant's Self-Serving Affidavits Create Issues of Fact Meriting Denial of Their 12(b) Motions.

As of the date of this motion, Defendant has submitted at least three self-serving affidavits between this instant action and the *Williams' Matter*. (Dkt. 17-2; *Williams' Matter*, Dkt. 19-2; *Williams' Matter*, Dkt. 30-2). All three affidavits were allegedly executed by Defendant's Human Resources Director Dorothy Williams. These affidavits create issues of fact and

contradict allegations or averments made by the Plaintiffs in both cases regarding the existence of the EDRP process, the version which was in effect at relevant times, and whether or not each Plaintiff was made aware of such policies. The affidavits also create issues of fact by making assertions regarding each Plaintiff's application, and even creates issues of fact regarding the existence of one Class Rep's application (Rodrigo Bravo).

Again, during the pendency of this 12(b)(1) and 12(b)(6) motion, all allegations made by Plaintiffs are to be accepted as true, and all reasonable inferences must be found in favor of Plaintiffs. For the reason that there remain issues of fact to be resolved, Defendant's motions must be denied.

## II.   PLAINTIFFS CLAIMS ARE TIMELY, AND PLAINTIFFS HAVE EXHAUSTED THEIR ADMINISTRATIVE REMEDIES; THEREFORE, PLAINTIFFS ARE ENTITLED TO PURSUE THEIR CLAIMS IN FEDERAL COURT

Defendant argues that Plaintiffs' claims must be dismissed because Plaintiffs claims are allegedly untimely, and therefore they did not exhaust their administrative remedies. However, Defendant does acknowledge that in order to bring a class, or collective, action under the ADEA, only one Plaintiff must exhaust his or her administrative remedies. (Dkt. 17, Pg 119). Nevertheless, Plaintiffs' claims are timely, and they have exhausted their administrative remedies to the extent required by law.

16

## A. **Plaintiffs' Claims Are Not Time Barred**

As indicated, Defendant argues that Plaintiffs' claims are time-barred for failure to assert claims within the 180-day statute of limitations. (Dkt. 17, Pg 134). This is meritless.

First of all, Defendant has failed to identify any document that could bind Plaintiff Bravo to a 180-day statute of limitations. Again, "[t]he party seeking to enforce the contract has the burden to show the existence of the contract." *High v. Capital Senior Living Properties 2-Heatherwood, Inc.*, 594 F.Supp.2d 789 (ED Mich. 2008). Because Defendant fails to meet its burden, Plaintiff Bravo cannot be bound by a contract that does not exist. Even if Plaintiff Bravo was bound by the 180-day limitation, his claim was still timely asserted, as he is still employed with Defendant and he continued to be subject to the Calibration Process during the pendency of this lawsuit.[7]

As to Plaintiffs Modlin and Winfrey, neither of their applications contained any language pertaining to a shortened statute of limitations. It is unclear how Defendant can justify having these individuals bound to a provision that has never existed for them. (Applications, Dkt. 17-2, Pg 153-156).

---

[7] On March 20, 2017, Plaintiffs amended their Complaint to include a class definition for those 55 years and older that were subject to Defendant's employee evaluation process during the year 2016 – because, it was not until 2017 that Plaintiffs, like Bravo, received their PLM Scores for the year of 2016. (Dkt. 4).

AKEEL & VALENTINE, PLC
888 W. BIG BEAVER ROAD ▪ SUITE 910 ▪ TROY, MICHIGAN 48084-4736 ▪ (248) 269-9595 ▪ FAX: (248) 269-9119
www.akeelvalentine.com

Further, as to Plaintiff Cerjanec, he began employment on June 27, 1994, and was wrongfully discharged this year on February 21, 2017. (**Ex. A,** EEOC Charge – Class Action Basis). Cerjanec then filed his EEOC charge, alleging on a class-wide basis, that Defendant maintains an employee evaluation practice that has had a disparate impact on him and those similarly situation. (*Id.*). Cerjanec then received his Right to Sue Letter. Suit was initiated on February 27, 2017. Clearly, Cerjanec's suit is within the 180-day alleged limitation. And as admitted by Defendant, only one Plaintiff needs to administratively exhaust his claims to assert a collective action claim in Federal Court. (Dkt. 17, Pg 119)

As to Plaintiff Lukas, he is still working for Defendant FCA, and in 2017 he received another low Score for the year of 2016[8]. Like Plaintiff Bravo, Plaintiff Lukas is still currently subject to Defendant's discriminatory practice, and therefore, Plaintiff Lukas' claim (which was brought well within the 180 days if it even applies) was timely brought.[9]

---

[8] At the Pleading stage, Counsel has tried to avoid specifically identifying the low scores (i.e. an employee's rating of 1 or 2) of individual Plaintiffs, especially those currently employed, so to avoid the unnecessary public display of an individual employee's ratings for a particular year. However, Counsel does have the actual PLM scores to support the allegations in the Complaint.

[9] It is important to also point out that the parties entered into a tolling agreement (similar to that in the *Williams Matter*), tolling all timely made claims pending the rulings of this Honorable Court (**Ex. C,** Tolling Agreement).

AKEEL & VALENTINE, PLC
888 W. BIG BEAVER ROAD ▪ SUITE 910 ▪ TROY, MICHIGAN 48084-4736 ▪ (248) 269-9595 ▪ (248) 269-9595 ▪ FAX: (248) 269-9119
www.akeelvalentine.com

Surprisingly, Defendant also arbitrarily argues that Plaintiffs' instant cause of action could only be brought as late as August 31, 2016 (before any employee knew or should have known of the existence of an evaluation policy causing a disparate impact). (Dkt. 14, Pg 138). However, as Plaintiffs alleged in their Complaint (*see* Dkt. 4, P 29 ¶44(b)), Defendant still maintains and implements the very policy being challenged by Plaintiffs that were subject to the policy or practice as late as 2017 (when they received their PLM Scores from 2016).

As held, because Plaintiffs are alleging that "Defendant maintained a discriminatory system over time", Plaintiffs' "claim[s] [are] in the nature of...continuing violations." *Casillas,* 140 F. Supp. at 885; (citing *Morelock v. NCR Corp.,* 586 F.2d 1096, 1103 (6th Cir.1978)).

Additionally, Defendant's asserted identical time-barred-arguments in the *Williams Matter* before this Court. In the interest of judicial efficiency, and to avoid unnecessary repetition, Plaintiffs rely on the arguments asserted in the *Williams' Matter* to address Defendant's meritless arguments. (*Williams' Matter,* Dkt.25, Pg. 503- 515).

## B. Plaintiffs Sufficiently Notified the EEOC of Class, or Collective Action Allegations and Exhausted Their Administrative Remedies

Defendant, further, argues that Plaintiffs failed to notify the EEOC of "the collective, class-wide nature of the claimed discrimination", and therefore,

AKEEL & VALENTINE, PLC
888 W. BIG BEAVER ROAD ▪ SUITE 910 ▪ TROY, MICHIGAN 48084-4736 ▪ (248) 269-9595 ▪ (248) 269-9119 ▪ FAX: (248) 269-9119
www.akeelvalentine.com

Plaintiffs ADEA class claims must be dismissed.  (Dkt. 17, Pg 119).   This is baseless and not consistent with the facts.

Plaintiffs in this instant action did notify EEOC of their intent to file a class complaint.  (**Ex. A**, EEOC Charges of Cerjanec and Modlin with Class Complaint language of "Similarly Situated").   And, "[s]imilar to the plaintiffs in other ADEA collective actions, Plaintiffs here allege that they and other potential plaintiffs were *similarly situated* victims of a common policy or plan of discrimination." *Dallas v. Alcatel-Lucent USA*, Inc., No. 09-14596, 2012 WL 424878, at *5–6 (E.D. Mich. Feb. 9, 2012) (emphasis added).

Even if Plaintiffs did not use the exact words of a class claim in their charges (which they did), "Courts are apt to find that the complaint relates to the EEOC charge where the plaintiff had merely failed to recognize a procedural technicality, distinguish between seemingly identical legal theories, or articulate the exact wording required in a judicial pleading." *Casillas*, 140 F. Supp. 2d at 881–82; *EEOC v. McCall Printing Corp.*, 633 F.2d 1232, 1235 (6th Cir.1980); *Haithcock v. Frank*, 958 F.2d 671, 675 (6th Cir.1992) (citations omitted).

Lastly, exhausting of the administrative remedies "entails (1) filing a timely charge of employment discrimination with the Equal Employment Opportunity Commission ("EEOC"), and (2) receiving and acting upon the EEOC's statutory

AKEEL & VALENTINE, PLC
888 W. BIG BEAVER ROAD ▪ SUITE 910 ▪ TROY, MICHIGAN 48084-4736 ▪ (248) 269-9595 ▪ FAX: (248) 269-9119
www.akeelvalentine.com

20

notice of the right to sue." *Marquis v. Tecumseh Prod. Co.*, 206 F.R.D. 132, 151 (E.D. Mich. 2002).    Clearly then, Plaintiffs did exhaust their administrative remedies.    (**Ex. A,** Charges; **Ex. B,** Notice of Right to Sue).

### III.    AT THIS STAGE OF LITIGATION, PLAINTFFS HAVE ASSERTED SUFFICIENT FACTUAL ALLEGATIONS TO DEMONSTRATE IT PLAUSIBLE THAT DEFENDANT MAINTAINED A COMMON POLICY OR PRACTICE WHICH HAS HAD A DISPARATE IMPACT ON MANY INDIVIDUALS OF A PROTECTED CLASS

Defendant argues that pursuant to Fed. R. Civ. P. 12(b)(6) Plaintiffs Bravo, Winfrey and Lukas must be dismissed because "they fail to allege with requisite specificity that they were discriminated against in any way or are entitled to any relief whatsoever." (Dkt. 17, Pg 112).    Defendant also argues that Plaintiffs failed to adequately allege a disparate impact claim.    (*Id.* at Pg 123).    Defendant makes such an argument by ignoring the standard to be applied under Rule 12(b)(6).

Under the ADEA, "Congress has imposed liability on employers for unintentional discrimination in order to rid the workplace of practices that are fair in form, but discriminatory in operation."[10] *Ricci v. DeStefano*, 557 U.S. 557, 583, (2009) (citations and quotations omitted).    A "disparate impact analysis is intended to make sure that employers do not use 'neutral' decision-making mechanisms that

---

[10] "Elliot-Larsen Civil Rights Act (ELCRA) claims are analyzed under the same standards as federal ADEA claims."    *Bondurant v. Air Line Pilots Ass'n*, 718 F. Supp. 2d 836 (E.D. Mich. 2010), aff'd sub nom. *Bondurant v. Air Line Pilots Ass'n, Int'l*, 679 F.3d 386 (6th Cir. 2012)

21

AKEEL & VALENTINE, PLC
888 W. BIG BEAVER ROAD ▪ SUITE 910 ▪ TROY, MICHIGAN 48084-4736 ▪ (248) 269-9595 ▪ (248) 269-9595 ▪ FAX: (248) 269-9119
www.akeelvalentine.com

in fact work to eliminate a greater portion of otherwise-qualified protected group members than they do members of other groups." *Phillips v. Cohen*, 400 F.3d 388, 397 (6th Cir.2005). "[G]ood intent or absence of discriminatory intent does not redeem employment procedures or testing mechanisms that operate as 'built-in headwinds' for minority groups and are unrelated to measuring job capability." *Griggs v. Duke Power Co.*, 401 U.S. 424, 432 (U.S. 1971). When looking at a specific employment practice, the court must look "to the consequences of employment practices, not simply the motivation." *Id.* at 424; *Smith v. City of Jackson, Miss.*, 544 U.S. 228, 236 (2005) (court must look to "the effects of the action on the employee rather than the motivation for the action of the employer.)

"Generally disparate impact analysis is used in a class action…" *Bacon v. Honda of Am. Mfg., Inc.*, 370 F.3d 565, 576 (6th Cir. 2004). "The Supreme Court has devised a three-part burden-shifting test to determine whether an unlawful disparate impact exists in any particular case. First, the plaintiff must establish a prima facie case of discrimination—i.e., the plaintiff must establish that an adverse impact has occurred." *Isabel v. City of Memphis*, 404 F.3d 404, 411 (6th Cir. 2005) (citing *Albemarle Paper Co. v. Moody*, 422 U.S. 405, 425 (1975)) (citations and quotations omitted).[11] "After plaintiffs make such a showing, the burden of

---

[11] "ADEA provisions generally receive an identical interpretation to corresponding provisions of Title VII." *Casillas*, 140 F. Supp. 2d at ; *Smith v. City of Jackson,*

AKEEL & VALENTINE, PLC
888 W. BIG BEAVER ROAD ▪ SUITE 910 ▪ TROY, MICHIGAN 48084-4736 ▪ (248) 269-4736 ▪ (248) 269-9595 ▪ FAX: (248) 269-9119
www.akeelvalentine.com

22

production shifts to defendant to show that each challenged practice serves, in a significant way, [its] legitimate employment goals." *Jones v. Pepsi-Cola Metro. Bottling Co.*, 871 F. Supp. 305, 309 (E.D. Mich. 1994) (quotations omitted). "The touchstone is business necessity. If an employment practice which operates to exclude Negr[##]s cannot be shown to be related to job performance, the practice is prohibited." *Griggs v. Duke Power Co.*, 401 U.S. 424, 431(U.S. 1971).

"[T]he employer can avoid liability only if it can prove that the discriminatory effect is justified. To be justified as a business necessity, a practice must directly relate to a prospective employee's ability to perform the job effectively; i.e., it must be necessary to fulfill [the] legitimate business requirements." *Watson*, 487 U.S. at 980.

## A. Plaintiffs Have Asserted Sufficient Factual Allegations to Demonstrate it Plausible That They Can Demonstrate a Prima Facie Case of Disparate Impact

Defendant argues that Plaintiffs' complaint should be dismissed because it is implausible for Plaintiffs to make out a prima facie case of discrimination. (Dkt. 17, Pg 125). Defendant also argues that Plaintiffs failed to identify the policy or practice that is subject to challenge. Again, Defendant fails to properly apply the applicable 12(b)(6) standard when making such arguments.

*Miss.*, 544 U.S. 228 (2005) ("it is appropriate to presume that Congress intended that text to have the same meaning in both statutes.")

AKEEL & VALENTINE, PLC
888 W. BIG BEAVER ROAD ▪ SUITE 910 ▪ TROY, MICHIGAN 48084-4736 ▪ (248) 269-9595 ▪ FAX: (248) 269-9119
www.akeelvalentine.com

"Under the disparate-impact statute, a plaintiff establishes a prima facie violation by showing that an employer uses a particular employment practice that causes a disparate impact." *Ricci*, 557 U.S. at 578.    "The evidence in these 'disparate impact' cases usually focuses on statistical disparities, rather than specific incidents, and on competing explanations for those disparities." *Watson v. Fort Worth Bank & Trust*, 487 U.S. 977, 986–87 (1988). "Statistics alone can make out a prima facie case of disparate impact." *Mims v. Elec. Data Sys. Corp. (EDS)*, 975 F. Supp. 1010, 1018 (E.D. Mich. 1997) (citations omitted).[12] Furthermore, "Plaintiffs who present a statistical analysis of some challenged practice need not rule out all other variables to prevail." *United States v. City of Warren, Mich.*, 138 F.3d 1083 (6th Cir. 1998).

As identified in Plaintiffs' Complaint, Defendant currently maintains a "forced distribution" "calibration process" where age, and "photos of the employees who are being evaluated are displayed and/or used by the managers, most of whom do not regularly, if at all, work with the employees they are evaluating, when adjusting employees' rating scores..." (Dkt. 4, Pg 26 ¶ 28; Pg 27 ¶31). "During the calibration process, employees' numbers are also identified for each employee, which reflect generally how long an employee has been with

---

[12] As this Court is aware, Plaintiffs instant case is supported by statistical data which has since been filed under seal in the undersigned's concurrent class action case against Defendant.

24

AKEEL & VALENTINE, PLC
888 W. BIG BEAVER ROAD ▪ SUITE 910 ▪ TROY, MICHIGAN 48084-4736 ▪ (248) 269-4736 ▪ (248) 269-9595 ▪ FAX: (248) 269-9119
www.akeelvalentine.com

AKEEL & VALENTINE, PLC
888 W. BIG BEAVER ROAD ▪ SUITE 910 ▪ TROY, MICHIGAN 48084-4736 ▪ (248) 269-9595 ▪ FAX: (248) 269-9119
www.akeelvalentine.com

Defendant." (*Id.* at ¶29). "Plaintiff Class PLM Scores were disproportionately lower following the calibration process…" as compared to those not part of Plaintiff Class. (*Id.* at Pg 27 ¶34; Pg. 28 ¶37). Plaintiffs' Complaint distinguishes between Defendant's "two-step process" of evaluating its employees, and specifically identifies the Calibration Process (and the components therein) as practices or policies being challenged. (*Id.* at Pg 30 ¶ 45; Pg 25 ¶24).

Plaintiffs' Complaint certainly contains sufficient factual allegations to make it plausible for Plaintiffs to demonstrate a prima facie case of disparate impact.

## B. <u>Defendant's Attack on Plaintiffs' Use of the Word "Subjective" is Meritless</u>

Defendant also argues that Plaintiffs' Complaint should be dismissed because the word "subjective" is used in the Complaint, and Plaintiffs cannot bring a disparate impact claim for the effects of decisions made by "different managers in different locations about different employees." (Dkt. 17, Pg 101). Plaintiffs will briefly respond to this mischaracterization of this case.

Disparate impact liability is only limited to the employer, or the entity responsible for making business and profit-related decisions. *Texas Dep't of Hous. & Cmty. Affairs v. Inclusive Communities Project, Inc.,* 135 S. Ct. 2507 (2015). As alleged in the Complaint, Plaintiffs challenge an employment practice that "has been implemented under the direction, supervision, and control of senior

AKEEL & VALENTINE, PLC
888 W. BIG BEAVER ROAD ▪ SUITE 910 ▪ TROY, MICHIGAN 48084-4736 ▪ (248) 269-9595 ▪ FAX: (248) 269-9119
www.akeelvalentine.com

leadership, led by CEO Sergio Marchionne, to be used on a company-wide basis",
and which has led to statistically discriminative consequences for certain
employees belonging to certain protected classes. (Dkt. 4, P 28).   Contrary to
Defendant's opinion, Plaintiffs' lawsuit challenges an employment policy or
practice for how it adversely impacts older aged employees, and not the subjective
determinations made by multiple managers in multiple locations.

However, even if there is a "subjective" component to the policy being
challenged, such claims are still actionable. As stated, a theory of disparate impact
discrimination "is available to challenge promotion practices based upon subjective
criteria." *Scales v. J.C. Bradford & Co.*, 925 F.2d 901, 907–08 (6th Cir. 1991)
(citations omitted).  Furthermore, "[t]he use of subjective criteria can constitute an
identifiable practice in disparate impact cases." *Mims v. Elec. Data Sys. Corp.
(EDS)*, 975 F. Supp. 1010, 1018 (E.D. Mich. 1997) (citations omitted).

As stated, "[t]he reasons supporting the use of disparate impact analysis
apply to subjective employment practices. That analysis might effectively be
abolished if it were confined to objective, standardized selection practices, since an
employer could insulate itself from liability under *Griggs* and its progeny simply
by combining such practices with a subjective component..." *Watson v. Fort
Worth Bank & Trust*, 487 U.S. 977, 978 (1988), *superseded on other grounds.*

26

Allowing employees to only challenge purely objective employment practices "would not solve the problems created by subconscious stereotypes and prejudices that lead to conduct prohibited by [the statute]." *Id.* As further held by the Supreme Court, "[w]e conclude, accordingly, that subjective or discretionary employment practices may be analyzed under the disparate impact approach in appropriate cases." *Id.* at 990–91.

## IV. ALTHOUGH PREMATURELY ARGUED BY DEFENDANT, PLAINTIFFS ARE ENTITLED TO COLLECTIVE ACTION TREATEMENT UNDER THE ADEA AND CLASS ACTION TREATMENT UNDER THEIR ELLIOTT LARSEN CLAM

Defendant argues that Plaintiffs' class claims must be dismissed because "Rule 23 class actions are not available for ADEA claims." (Dkt. 17, Pg. 117). Defendant also prematurely requests that, in any event, this Court strike all class allegations and make a determination on class certification. (Dkt. 17, Pg 130).

While Plaintiffs do acknowledge that Rule 23 is inapplicable to class certification procedures under the ADEA, dismissal of Plaintiffs' class claims under the ADEA cannot be justified. Rather, as a matter of law, "Plaintiffs are entitled to bring a collective action utilizing the procedural mechanisms available under §216(b) of the Fair Labor Standards Act ("FLSA")." *Dallas*, 2012 WL 424878, at *3–4. Further, with this Honorable Court invoking its supplemental

AKEEL & VALENTINE, PLC
888 W. BIG BEAVER ROAD ▪ SUITE 910 ▪ TROY, MICHIGAN 48084-4736 ▪ (248) 269-9595 ▪ (248) 269-4736 ▪ FAX: (248) 269-9119
www.akeelvalentine.com

jurisdiction under 28 U.S.C. § 1367(a), Plaintiffs should also be permitted to pursue a class action under the Elliott Larsen Civil Rights Act. [13]

### A. FCA's Request to Address Class Certification is Premature.

Defendant's attempt to dismiss Plaintiffs' class claims, and to strike all such allegations from the Complaint is improper and premature.

Again, as acknowledged, "courts should exercise caution when striking class action allegations based solely on the pleadings, because class determination generally involves considerations that are enmeshed in the factual and legal issues comprising the plaintiff's cause of action." *Sauter,* 2014 WL 1814076, at *2.

Here, Defendant's attempt to convince this Court to make a determination on class certification should be denied for the reason that class determination in this case "involves considerations that are enmeshed in the factual and legal issues comprising the plaintiff[s'] cause of action", and the Court should defer making

---

[13] Under Michigan law, plaintiffs have utilized class action lawsuits to assert age discrimination disparate impact claims such as this one. See *Jones,* 871 F. Supp. 305 (Employees brought class action against employer alleging disparate impact discrimination claims on basis of race, gender, and age in violation of Michigan Elliott-Larsen Civil Rights Act.) *Mills v. St. John Health*, No. 319282, 2015 WL 3540539, at *1 (Mich. Ct. App. June 4, 2015), appeal denied, 499 Mich. 914, 878 N.W.2d 284 (2016) (Plaintiffs filed this class action lawsuit against defendant…Plaintiffs' three-count complaint alleges claims for age discrimination, breach of contract, and promissory estoppel/unjust enrichment.); *Nowacki v. Dep't of Corr.*, No. 315969, 2014 WL 4088041, at *1 (Mich. Ct. App. Aug. 19, 2014) (Court of Appeals affirms class certification in gender disparate impact case).

28

AKEEL & VALENTINE, PLC
888 W. BIG BEAVER ROAD ▪ SUITE 910 ▪ TROY, MICHIGAN 48084-4736 ▪ (248) 269-4736 ▪ (248) 269-9595 ▪ FAX: (248) 269-9119
www.akeelvalentine.com

such a determination in order to conduct a "rigorous analysis" upon further discovery and briefing by the parties. *Sauter,* supra.

## B. At This Stage of Litigation, Plaintiffs Meet the Lenient Standard Utilized by This Court, Making Conditional Certification Appropriate

"It is well-established that "[c]lass actions under the ADEA are authorized by 29 U.S.C. § 626(b), which expressly borrows the opt-in class action mechanism of the Fair Labor Standards Act of 1938, 29 U.S.C. § 216(b) (1994)." *Dallas,* 2012 WL 424878, at *3–4 (citations omitted). Thus, utilizing the procedural mechanisms of § 216(b) of the FLSA, Plaintiffs can pursue a class, or collective, action.

Indeed, "Plaintiffs' burden under the FLSA is less stringent than that required for class certification under Rule 23 of the Federal Rules of Civil Procedure." *Id.* "In order to proceed…Plaintiffs must demonstrate that they are 'similarly situated' to the employees they seek to notify of this suit. In order to determine whether the Plaintiff has made this showing, the Court adopts the two-stage class certification method." *Olivo v. GMAC Mortg. Corp.,* 374 F. Supp. 2d 545, 547 (E.D. Mich. 2004) (citations omitted).

"Under the first step of the two-stage method, the Court determines whether Plaintiffs have demonstrated other 'similarly situated' putative plaintiffs for 'notice' purposes. With this step, [a] named plaintiff can show that the potential claimants are similarly situated 'by making a modest factual showing sufficient to

AKEEL & VALENTINE, PLC
888 W. BIG BEAVER ROAD ▪ SUITE 910 ▪ TROY, MICHIGAN 48084-4736 ▪ (248) 269-9595 ▪ FAX: (248) 269-9119
www.akeelvalentine.com

29

demonstrate that they and potential plaintiffs together were victims of a common policy or plan that violated the law." *Id.* "[To be considered 'similarly situated,' it is sufficient if the plaintiffs' claims [are] unified by common theories of defendants' statutory violations, even if the proofs of those theories are inevitably individualized and distinct." *Wlotkowski v. Michigan Bell Tel. Co.*, 267 F.R.D. 213, 217 (E.D. Mich. 2010)

"This initial standard is fairly lenient, and in order to meet this standard, Plaintiffs must simply submit evidence establishing at least a colorable basis for their claim that a class of 'similarly situated' plaintiffs exists. Courts have considered factors such as whether potential plaintiffs were identified; whether affidavits of potential plaintiffs were submitted...whether evidence of a widespread discriminatory plan was submitted, and whether [a]s a matter of sound case management...a manageable class exists." *Olivo*, supra.

"Thus, unlike the decisions Defendant relies upon for a more rigorous standard, substantial discovery has not been completed here; and this Court will apply the lenient standard typically applied at the notice stage of a collective action under the FSLA or ADEA...[T]*he Court does not resolve factual disputes, decide substantive issues going to the ultimate merits, or make credibility determinations.* It is at the second stage, after discovery is concluded, that the Court uses a stricter standard and examine[s] more closely the question of whether particular members

AKEEL & VALENTINE, PLC
888 W. BIG BEAVER ROAD ▪ SUITE 910 ▪ TROY, MICHIGAN 48084-4736 ▪ (248) 269-4736 ▪ (248) 269-9595 ▪ FAX: (248) 269-9119
www.akeelvalentine.com

of the class are, in fact, similarly situated." *Comer v. Wal-Mart Stores, Inc.*, 454 F.3d 544, 547 (2006). (quotations and citations omitted) (emphasis added). "Generally, at the notice stage, courts require nothing more than substantial allegations that the putative class members were together the victims of a single decision, policy or plan..." *Dallas*, supra.

As stated by this Court, "[t]his Court rejects Defendant's attempts to emphasize factual dissimilarities between Plaintiffs and between Plaintiffs and potential opt-ins. Individual differences are not relevant at this stage...As this Court previously observed in *Wlotkowski v. Michigan Bell Telephone Co.*, 267 F.R.D. 213, 219 (E.D.Mich.2010), these types of arguments are properly raised at the second stage when discovery has been completed...The Court also rejects Defendant's attempts to address the merits of Plaintiffs' ADEA claims. At this initial, notice stage, the Court does not resolve factual disputes, decide substantive issues going to the ultimate merits, or make credibility determinations." *Id.* (quotations omitted).

Furthermore, "[n]umerous courts have similarly observed that disparate factual and employment settings of the individual plaintiffs should be considered at the second stage of analysis rather than at the first stage. *White v. MPW Indus. Servs. Inc.*, 236 F.R.D. 363, 373 (E.D.Tenn.2006) (citing cases)." *Wlotkowski*, 267 F.R.D. at 219 (E.D. Mich. 2010) (citations and quotations omitted).

31

Accordingly, Defendant's premature motions should be denied in its entirety.

## C. Plaintiffs Can Pursue a Class Action Lawsuit Under ELCRA.

Defendant also argues that this Court should strike all class allegations from Plaintiffs' Complaint on the basis that Rule 23 does not apply to the ADEA; however, Defendant understandably fails to acknowledge Plaintiffs' ability to pursue class action lawsuits under ELCRA.

As stated above, even in situations where the plaintiffs are asserting claims of age disparate impact, Courts have allowed the utilization of class action lawsuits under ELCRA. Furthermore, Courts have regularly allowed Rule 23 class actions under state law and FLSA collective actions in the same litigation based on the sensible rationale that multiple individual actions or parallel state court proceedings would be wasteful and make little sense.[14]    Many courts have

---

[14] See, e.g., *Breeden v. Benchmark Lending Group, Inc.*, 229 F.R.D. 623 (N.D. Cal. 2005) (conditionally certifying an FLSA collective action and certifying a Rule 23 California state wage law class action);*Romero v. Producers Dairy Foods*, 235 F.R.D. 474 (E.D. Cal. 2006) (same); *Godfrey v. Chelan County PUD*, 2007 WL 2327582 (E.D. Wash. Aug. 10, 2007) (conditionally certifying FLSA collective action and Rule 23 class action brought under Washington state wage law); *Ramirez v. RDO-BOS Farms, LLC*, 2007 WL 273604 (D. Or. Jan. 23, 2007) (certifying a Rule 23 Oregon state law class action when conditional certification had already been granted on plaintiffs' FLSA claims); *Recinos-Recinos v. Express Forestry, Inc.*, 233 F.R.D. 472 (E.D. La. 2006) (conditionally certifying FLSA collective action and Rule 23 Louisiana state law class action); *McLaughlin v. Liberty Mut. Ins. Co.*, 224 F.R.D. 304 (D. Mass. 2004) (certifying Rule 23

32

AKEEL & VALENTINE, PLC
TROY, MICHIGAN 48084-4736 ▪ (248) 269-9595 ▪ FAX: (248) 269-9119
888 W. BIG BEAVER ROAD ▪ SUITE 910 ▪
www.akeelvalentine.com

approved this common sense approach to litigation. *Chan v. Triple 8 Palace*, 2004 WL 1161299 (S.D.N.Y. May 20, 2004) ("requiring separate federal and state cases...would be wasteful and foolish"); *Iglesias-Mendoza v. La Belle Farm, Inc.*, 239 F.R.D. 363 (simultaneously certifying Rule 23 and FLSA classes).

Especially instructive is *Westerfield* v. *Washington Mutual Bank*, 2007 WL 2162989 (E.D.N.Y. 2007), where the named plaintiffs brought class claims under state law and federal law.   In that case, Judge Amon concluded that the dissimilarity between Section 216(b) of the FLSA and Fed. R. Civ. P. 23, standing alone, does not require that identical state and federal claims be brought in separate actions or that a plaintiff forfeit altogether the option of class adjudication of his state claims. *Id.* at *7. Yet, Defendant is implicitly relying on such an argument when requesting that this Court strike all class allegations on the basis that Rule 23 does not apply to ADEA claims.

---

Massachusetts state law class action in suit in which FLSA collective action had already been conditionally certified); *Scott v. Aetna Servs., Inc.*, 210 F.R.D. 261 (D. Conn. 2002) (denying motion to decertify FLSA collective action and granting motion to certify Rule 23 Connecticut state law class action); *O'Brien v. Encotech Constr. Servs., Inc.*, 203 F.R.D. 346 (N.D. Ill. 2001) (simultaneously certifying an FLSA collective action and a Rule 23 Illinois state law class action); *Ladegaard v. Hard Rock Concrete Cutters, Inc*, 2000 WL 1774091 (N.D. Ill. Nov. 30, 2000) (certifying a Rule 23 class action under Illinois state law despite the availability of FLSA remedies); *Beltran-Benitez v. Sea Safari, Ltd.*, 180 F. Supp. 2d 772 (E.D.N.C. 2001) (Rule 23 "opt-out" requirement can be reconciled with the FLSA "opt-in" procedure); *Trotter v. Perdue Farms, Inc.*, 2001 WL 1002448 (D. Del. Aug. 16, 2001) (certifying FLSA collective action and Rule 23 class actions under Delaware, Kentucky, Maryland, North Carolina, and South Carolina state law).

AKEEL & VALENTINE, PLC
888 W. BIG BEAVER ROAD ▪ SUITE 910 ▪ TROY, MICHIGAN 48084-4736 ▪ (248) 269-9595 ▪ (248) 269-4736 ▪ FAX: (248) 269-9119
www.akeelvalentine.com

AKEEL & VALENTINE, PLC
888 W. BIG BEAVER ROAD ▪ SUITE 910 ▪ TROY, MICHIGAN 48084-4736 ▪ (248) 269-9595 ▪ FAX: (248) 269-9119
www.akeelvalentine.com

There can be no doubt that this Court has the means and ability to handle both opt-in FLSA-procedural claims and state law opt-out claims. For example, managing discovery will not be a problem because it is beyond argument that discovery for both claims are, for all practical purposes, the same. Moreover, any theoretical confusion in the various class and collective notices can be overcome through careful wording of the respective notices. See *Guzman*, supra (confusion "can be allayed through careful wording of the class notice."); *Brickey v. Dolencorp, Inc.*, 244 F.R.D. 176, 179 (W.D.N.Y 2007) ("The complexities of Rule 23 and FLSA hybrid actions are a challenge that federal judiciaries, and properly instructed juries are…well equipped to meet."); *Iglesias-Mendoza*, 239 F.R.D. at 274; *Ansoumana*, 201 F.R.D. at 95. Thus there is no legitimate reason to strike the state law class actions allegations from the complaint.

### D. Plaintiffs' Identification of Employees 55 Years and Older is Permissible.

Defendant argues that Plaintiffs' claims under the ADEA are impressible, because "Plaintiffs' attempt to proceed by a subgroup of individuals above the minimum age for ADEA coverage fails." (Dkt. 17, Pg 121). In other words, Defendant attacks Plaintiffs' class definition. However, it should be made clear that Plaintiffs are not comparing the potential class members to members of a

protected group. [15]    Rather, Plaintiffs are comparing the potential class members (i.e. those 55 and up) to *all other employees*.

To explain, in order to define a class, a court must be able to resolve the question of whether the class members are included or excluded from the class by reference to objective criteria. *Young v. Nationwide Mut. Ins. Co.*, 693 F.3d 532 (6th Cir. 2012).   The class definition seeking certification cannot be overbroad. *Legrand v. Intellicorp Records, Inc.*, No. 1: 15 CV 2091, 2016 WL 1161817, at *3 (N.D. Ohio Mar. 24, 2016).

The purpose of a class definition is to allow "a prospective class member to identify himself or herself as having a right to recover or opt out based on the description." *Id.*   In other words, Plaintiffs' tailored class definition was created with the objective of allowing those with standing[16] to identify themselves with objective criteria so to decide whether to opt-in or out.

Furthermore, the Sixth Circuit has supported the notion that an amendment can be made to "the nature, size, and scope of the class…and definition after full

---

[15] "Subgrouping analysis occurs when, instead of comparing protected groups against unprotected groups, one compares statistics as between protected groups." *McCabe v. Champion Int'l Corp.*, 916 F.2d 713 (6th Cir. 1990)

[16] "[T]he Supreme Court explained the basic principles of standing, which mandate that a plaintiff have a 'personal stake in the outcome of the controversy' and that the *plaintiff must have suffered some real or threatened injury*." *Bacon v. Honda of Am. Mfg., Inc.*, 370 F.3d 565, 577 (6th Cir. 2004)(quotations omitted) (emphasis added).

35

AKEEL & VALENTINE, PLC
888 W. BIG BEAVER ROAD ▪ SUITE 910 ▪ TROY, MICHIGAN 48084-4736 ▪ (248) 269-9595 ▪ FAX: (248) 269-9119
www.akeelvalentine.com

hearings on this issue have been held." *Williams v. Tennessee Valley Auth.*, 552 F.2d 691, 697–98 (6th Cir. 1977). Plaintiffs also reserved this right in their Complaint, which states "Plaintiffs reserve the right to amend this definition as necessary." (Dkt. 4, Pg 29). If this Court finds it necessary, Plaintiffs are certainly willing to amend the class definition contained in the Complaint.

### E. Even if This Court Determines That Plaintiffs Are Attempting to Create a "Subgroup", Such a Group is Permissible.

As argued by Defendant "Every court of appeals decision addressing this issue has concluded that it is improper to distinguish between subgroups of employees over the age of 40 and that a disparate impact analysis must compare employees aged 40 and over with those 39 and younger." *Schechner v. KPIX-TV, No. C 08-05049 MHP*, 2011 WL 109144, at *4 (N.D. Cal. Jan. 13, 2011), aff'd but criticized, 686 F.3d 1018 (9th Cir. 2012); (Dkt 17, Pg. 123). Such case law is inapplicable to this case.

In fact, as held by this Court, "contrary to Defendant's assertion, Plaintiffs [disparate impact age discrimination claim] may survive despite the fact that it compares two subgroups within the 'over 40' protected class." *Bondurant,* 718 F. Supp. 2d at 843 (E.D. Mich. 2010). Rather, "[a]n employer violates ADEA when preference is given to a younger employee even if the younger employee is within the protected class of persons age 40-and-over. See, e.g., *McCorstin v. U.S. Steel*

36

AKEEL & VALENTINE, PLC
888 W. BIG BEAVER ROAD ▪ SUITE 910 ▪ TROY, MICHIGAN 48084-4736 ▪ (248) 269-9595 ▪ FAX: (248) 269-9119
www.akeelvalentine.com

AKEEL & VALENTINE, PLC
888 W. BIG BEAVER ROAD ▪ SUITE 910 ▪ TROY, MICHIGAN 48084-4736 ▪ (248) 269-9595 ▪ FAX: (248) 269-9119
www.akeelvalentine.com

*Corp.*, 621 F.2d 749, 754 (5th Cir.1980) (requiring a plaintiff to show that he or she was replaced by someone outside of the 40-and-over protected group 'fails to take the reality of the working place into account. Because of the value of experience, rarely are sixty-year-olds replaced by those under forty'); *Moore v. Sears, Roebuck and Co.*, 464 F.Supp. 357, 366 (N.D.Ga.1979) ("[b]ecause age is a relative rather than absolute status when taken as a basis for discrimination, it need not follow that all persons protected by the act be grouped together for purposes of delineating the extent of their protection")". *Barnes v. GenCorp Inc.*, 896 F.2d 1457, 1466 (6th Cir.1990)

Therefore, Defendant's argument is misleading and unpersuasive, meriting denial of its instant motion.

## V.    ALL PLAINTIFFS SUBJECT TO THE CALIBRATION PROCESS HAVE STANDING TO PURSUE A CLAIM OF DISPARATE IMPACT.

As correctly noted by Defendant, Plaintiffs Complaint states that "[a]s a result of Defendant's practice and policy…Plaintiff Class has been denied similar employment benefits and opportunities afforded to [other] employees…" (Dkt. 4, Pg 30 ¶47). Plaintiff also alleged that as a result of the policy Plaintiffs Class has been impacted "in a number of ways including, but not limited to, bonuses for a given year, additional compensation, other privileges and benefits, increase in medical costs, loss in pension benefits, and/or future advancement consideration."

37

(*Id.* at ¶ 48).[17]  Yet, Defendant argues that Plaintiffs' class claims under the ADEA and ELCRA should be dismissed because Plaintiffs failed to allege an injury in fact.  This argument is contrary to established law on this issue.

As held by the Supreme Court, at this stage of litigation, Plaintiffs' initial burden is simply "to establish a prima facie case that such a [discriminatory] policy existed." *Int'l Bhd. of Teamsters v. United States*, 431 U.S. 324, 358–60.  "At the initial, 'liability' stage...[Plaintiffs are] not required to offer evidence that each person for whom it will ultimately seek relief was a victim of the employer's discriminatory policy." *Id.*

In fact, "the question of individual relief does not arise until it has been proved that the employer has followed an employment policy of unlawful discrimination." *Id.* at 361.  The proof of the existence of a discriminatory practice or policy "supports an inference that any particular employment decision, during the period in which the discriminatory policy was in force, was made in pursuit of that policy." *Id.* at 362.

---

[17] "Employee was not required to specifically state what promotions she was denied or that she was qualified for them in order to have standing to assert disparate impact claim under Title VII, where employee stated that she was passed over for promotions, and that she observed less qualified, less experienced white employees in her department obtain positions she applied for. Civil Rights Act of 1964, § 701 et seq., as amended, 42 U.S.C.A. § 2000e et seq." *Phillips v. Cohen*, 400 F.3d 388 (6th Cir. 2005)

38

AKEEL & VALENTINE, PLC
888 W. BIG BEAVER ROAD ▪ SUITE 910 ▪ TROY, MICHIGAN 48084-4736 ▪ (248) 269-9595 ▪ FAX: (248) 269-9119
www.akeelvalentine.com

Consistently, the Supreme Court held that once a plaintiff meets this initial burden, "every post-Act minority group…will be presumptively entitled to relief, subject to a showing by the company that its earlier [decision]…was not based on its policy of discrimination." *Id.*

Based on the above-mentioned law, Plaintiffs have standing to pursue a class, and/or collective, action under the theory that Defendant maintains a policy or practice in violation of both the ADEA and ELCRA.

VI.   **IF THIS HONORABLE COURT FINDS FOR ANY REASON THAT PLAINTIFFS HAVE INSUFFICIENTLY PLED CLAIMS AGAINST DEFENDANT BASED ON A LACK OF SPECIFICITY, THEN PLAINTIFFS SHOULD BE GIVEN AN OPPORTUNITY TO AMEND THEIR COMPLAINT IN RESPONSE TO A MOTION TO DISMISS CHALLENGING THE SUFFICIENCY OF THE PLEADINGS**

As stated, Defendant argues that "Plaintiffs neglect to plead facts that could establish an ADEA or ELCRA disparate impact claim." (Dkt. 17, Pg. 123). Defendant also argues that Plaintiffs failed to allege facts to support a claim of wrongful termination, constructive discharge, or age discrimination. (*Id.* at Pg. 112-116). If that is so, then Plaintiffs reserve their rights to amend their Complaint so to address concerns regarding the specificity of the claims asserted in this case.

As stated by the Sixth Circuit, "In *EEOC v. Ohio Edison Co.*, 7 F.3d 541, 546 (6th Cir.1993), we held that 'where a more carefully drafted complaint might

AKEEL & VALENTINE, PLC
888 W. BIG BEAVER ROAD ▪ SUITE 910 ▪ TROY, MICHIGAN 48084-4736 ▪ (248) 269-9595 ▪ FAX: (248) 269-9119
www.akeelvalentine.com

AKEEL & VALENTINE, PLC
888 W. BIG BEAVER ROAD ▪ SUITE 910 ▪ TROY, MICHIGAN 48084-4736 ▪ (248) 269-9595 ▪ FAX: (248) 269-9119
www.akeelvalentine.com

state a claim, a plaintiff must be given at least one chance to amend the complaint before the district court dismisses the action with prejudice.' (quoting *Bank v. Pitt*, 928 F.2d 1108, 1112 (11th Cir.1991)); see also *Coffey*, 2 F.3d at 162 (observing that "'federal courts must be liberal in allowing parties to amend their complaints'") (quoting *Hayduk v. Lanna*, 775 F.2d 441, 445 (1st Cir.1985))." *U.S. ex rel. Bledsoe v. Cmty. Health Sys., Inc.*, 342 F.3d 634, 644 (6th Cir. 2003)

Therefore, contrary to Defendant's contentions, if this Honorable Court finds that Plaintiffs did not plead with enough specificity as required, Plaintiffs respectfully requests an opportunity to amend their complaint in response to this specificity-related motion to dismiss.

## CONCLUSION

**WHEREFORE**, based on the foregoing, Plaintiffs respectfully request that this Honorable Court **DENY** Defendant's Motions.

Respectfully submitted,

AKEEL & VALENTINE, PLC

/s/: SHEREEF H. AKEEL

By:   Shereef H. Akeel (P54345)
Hasan Kaakarli (P81099)
Adam S. Akeel (P81328)
Attorneys for Plaintiffs
888 West Big Beaver Road, Ste. 910
Dated: July 28, 2017   Troy, MI 48084

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAN CERJANEC, RODRIGO BRAVO,
MARK MODLIN, WILLIAM WINFREY,
and GLENN LUKAS, on behalf of himself
and all others similarly situated,

        Plaintiffs,                  Case No.  17-10619

        vs                        Hon.  Laurie J. Michaelson

FCA US LLC,                  **CLASS ACTION**

        Defendant.

---

## <u>CERTIFICATE OF SERVICE</u>

The undersigned says that on **July 28, 2017** (s)he electronically filed a copy of the following document in the above-captioned matter by filing into the Eastern District Court Website:

DOCUMENT(S):  *Plaintiffs' Response to Defendant's Motion to Compel Arbitration; Motion to Dismiss; and/or Motion to Strike Class Allegations in The Second Amended Complaint*

and that same is being served upon counsel of record via the court's electronic filing and electronic mail notification system as follows:

      Shereef H. Akeel shereef@akeelvalentine.com
      Hasan Kaakarli hasan@akeelvalentine.com
      Michael L. Pitt mpitt@pittlawpc.com
      Megan A. Bonanni mbonanni@pittlawpc.com
      Robert W. Palmer rpalmer@pittlawpc.com

AKEEL & VALENTINE, PLC ▪ 888 W. BIG BEAVER ROAD ▪ SUITE 910 ▪ TROY, MICHIGAN 48084-4736 ▪ (248) 269-9595 ▪ FAX: (248) 269-9119
www.akeelvalentine.com

Carey S. McGehee cmcgehee@pittlawpc.com
Jerome R. Watson watson@millercanfield.com
Misbah Shahid shaid@millercanfield.com

Respectfully submitted,

AKEEL & VALENTINE, PLC

By: /s/: SHEREEF H. AKEEL
Shereef H. Akeel (P54345)
Hasan Kaakarli (P81099)
Adam Akeel (P81328)
Attorneys for Plaintiffs
888 W. Big Beaver Road, Ste. 910
Troy, MI 48084
(248) 269-9595

O:\FCA Class Action\Cerjanec, Dan\Pleadings-draft\@CAPTION.doc

AKEEL & VALENTINE, PLC
888 W. BIG BEAVER ROAD ▪ SUITE 910 ▪ TROY, MICHIGAN 48084-4736 ▪ (248) 269-9595 ▪ FAX: (248) 269-9119
www.akeelvalentine.com